By the Court. Slosson, J.
It seems to me that the finding of the jury, in favor of the plaintiff; upon the question, whether, at the time of the payment of the rent on the 1st of February, 1853, he knew that the lease had been assigned to Hannah Davis, must be conclusive. If the plaintiff did not know of the assignment when he received the rent, he certainly did not, by receiving it, waive his right to insist on the condition. But the defendant contends that, though it may be true, that he did not know of the assignment at the time he received the rent, yet it does not follow but that he consented, or had previously consented, to the assignment, and he insists that the evidence of what took place at the time of the payment of the February rent, shows that such assent had been previously given, or was given at that time. As to the latter supposition, it may be said, that if the evidence could be construed into proof of an assent then given, even if evidence of a past assent were admissible, it could not affect the plaintiff, except by way of estopping him from setting up the breach of the covenant; but as the defendant had already made the assignment, and, therefore, did not act upon such assent, the doctrine of estoppel does not apply. As to the evidence showing that an assent had been previously given, it is enough to say, on the same principle, that unless it prove such assent to have been given before *510 the assignment was, in fact, made, and that the assignment was made in consequence of it, it would not operate as an estoppel.
The evidence, even if it shows a previous assent, (which can hardly be contended,) certainly does not go to the extent of showing that the assignment was made in consequence of it. The question", therefore, of an assent, as distinct from the plaintiff’s knowledge of the fact of the assignment at the time he received the February rent, was not put to the jury, and there was certainly. no evidence to go to the jury of a previous assent acted upon.
The court looked at the question as one of waiver merely, and, therefore put to the jury the simple inquiry as to plaintiff’s knowledge of the assignment at the time he received the rent, and we think this was the correct view to take of it. The finding of the jury, on this question, is conclusive on that of waiver, and we think it supported by the evidence. This disposes of the case, and it is unnecessary to consider the question of the forfeiture on the ground of the non-payment of the rent.
Plaintiff is entitled to judgment for the possession.
Hoffman, J.
The jury find that the plaintiff had no knowledge of the assignment to Hannah Davis on the 3d of February, the date of his receipt for rent. This may be treated as negativing any knowledge of, and any assent to, an assignment prior to that time.
If it cannot be so taken, yet the testimony to the fact is very feeble, and that is only to a parol consent. The plaintiff had guarded himself against parol evidence to a consent, by the stipulation that it should be in writing.
Subsequent acts, such as receipt of rent from Hannah Davis, with knowledge, might suffice. They might be a recognition of her title, and a waiver of the written consent.
There is no receipt of rent after the 1st of February, and what is deposed to as to the plaintiff’s language then, is not only very loose, but, as tending to prove a parol consent, is, in my opinion, inadmissible.
The main question is as to the notice of fifteen days. The statutory provisions bearing upon this point, are 2 R. S. 505, § 31, and the law of 1846, ch. 274. See, also, the case of The Mayor, &c, v. Campbell, (18 Wendell, 156).
*511 The first section of the act of 1846 is, “ Distress for rent is hereby abolished.” This annuls the clause in the thirty-first section of the act of 1830, “ And no sufficient distress can be found on the premises to satisfy the rent due.” The statute will then be entirely applicable to the present case.
The second section of the act of 1846, relates to a reservation of the right to re-enter, in default of a sufficiency of goods and chattels to distrain. Where the lease itself contains that provision, the fifteen day’s notice entitles the landlord to re-enter, although there should be a sufficiency of goods on the premises. That is, although there is such a clause, on which the re-entry is made to depend, and although there is enough to distrain upon, the right to reenter is conferred, provided fifteen days’ notice is given.
In the present case, there is no such clause in the lease.
Judgment for plaintiff.