ROBERT C. MARTIN, Appellant, *v.* MARIA ANN RECTOR, Respondent.

An indenture executed in 1808 which contained a grant of land, reserving a perpetual annual rent, after a covenant on the part of the grantees to pay the rent reserved and various other covenants on their part, contained a condition that if the rent should be unpaid for twenty-eight days after the day of payment specified, it should be lawful for the grantor, his heirs and assigns to enter and distrain, etc.; then followed this condition : "Should it at any time happen that no sufficient distress can be found upon the premises to satisfy such rent due and in arrear as aforesaid, or if either of the covenants and conditions hereinbefore contained * * * shall not be performed * * * or shall be broken * * * it shall be lawful for the grantor, his heirs and assigns to re-enter." In an action under the Code of Civil Procedure (§ 1504) to recover the premises on the ground that six months or more rent was in arrear, *held,* that the right to re-enter for non-payment of rent was not limited to the case of default of sufficient distress ; but that the general condition authorizing a re-entry in case of a breach of either of the covenants applied to the covenant to pay rent ; and that, therefore, to maintain the action it was not necessary to show that before its commencement the fifteen days' notice in lieu of a distress for rent required by the provision (§ 1505) before the bringing of an

action of ejectment, where a right of re-entry is reserved in default of
a sufficient distress, was given.

*Martin* v. *Rector* (43 Hun, 371), reversed.

(Argued January 14, 1890 ; decided February 25, 1890.)

APPEAL from judgment of the General Term of the
Supreme Court in the third judicial department, entered upon
an order made February, 1887, which affirmed a judgment in
favor of defendant entered upon the report of a referee.

This is an action of ejectment for non-payment of rent.

By a sealed indenture dated June 14, 1808, Stephen Van
Rensselaer granted, sold and released to George Adriance
and Rachel Witbeck, their heirs and assigns, the premises
first described in the complaint, with certain exceptions and
reservations, to have and to hold the same "unto the said
parties of the second part    *    *    *    their heirs and assigns
for ever ; yielding and paying therefor    *    *    *    during
the continuance of this grant,    *    *    *    the yearly rent of
twelve bushels of good, clean, merchantable winter wheat and
four fat hens    *    *·    *    and to perform one day's service
with carriage and horses, the first payment to be made the
first day of January next, and the payments thereafter in and
upon the said first day of January in each year." There was
a covenant on the part of the grantees, their heirs and assigns
to "pay or cause to be paid unto the said Stephen Van Rens-
selaer, his heirs and assigns, the yearly rent reserved at the
days and times and manner aforesaid," as well as to pay all
taxes that should at any time be assessed upon the premises.
The instrument also contained certain conditions as to the sale
of the premises by the grantees, including the payment of a
bonus to said grantor equal to the amount of one year's rent,
and a provision that the title should revert to him, if said
conditions were not complied with. There were numerous
provisos for the benefit of the grantor, and among them, that
if the rent reserved should be unpaid for twenty-eight days
after the day of payment specified, it should be lawful for
him, his heirs or assigns, at his or their option "either to
prosecute for the recovery of all rents then due in some court

of record, or   *   *   *   to enter and there to distrain, and the distress so taken to lead, drive and carry away," and by a sale of the same to collect the rent and costs. Immediately after this provision is the following, which is the final clause: " And provided further, and these presents and everything herein contained are upon this express condition, that if it should at any time happen that no sufficient distress can be found upon the premises to satisfy such rent due and in arrear as aforesaid, or if either of the covenants and conditions here-inbefore contained on the part of the said parties of the second part, their heirs or assigns, to be performed, fulfilled and kept, shall not be performed, fulfilled and kept, or shall be broken, that then and in each and every such case, from thenceforth and at all times thereafter, it shall and may be lawful for the said Stephen Van Rensselaer, his heirs and assigns, or any of them, into the whole of the said hereby granted premises   *   *   *   to re-enter the same as his and their former estate to have again and enjoy, and the said parties of the second part, their heirs and assigns and all others, there-out and from thence utterly to expel, put out and amove and that upon such entry made   *   *   *   these presents *   *   *   shall cease, determine, and become void and of no effect."

The complaint set forth the substance of said indenture, alleged that the plaintiff had duly succeeded to all the rights of said grantor, that no part of the rent accruing January 1, 1884, had been paid, that it was more than six months in arrear and demanded judgment for recovery of possession. There was a second count for other premises, covered by another instrument of like character.

Upon the trial, after these instruments had been read in evidence, and certain testimony had been given tending to sustain the causes of action set forth in the complaint, it was admitted that no notice had been served pursuant to section 1505 of the Code of Civil Procedure, whereupon the complaint was dismissed, upon defendant's motion, on account of the failure to serve such notice.

*G. L. Stedman* for appellant. The court erred in holding that the fifteen days' notice required by the Code should have been served before the commencement of this action. (Code Civ. Pro. § 1505; Laws of 1846, chap. 274, § 3; *Cruger* v. *McLaury*, 41 N. Y. 219, 222; *Hosford* v. *Ballard*, 39 id. 147.) This action was properly brought without notice. (Code Civ. Pro. § 1504; *Van Rensselaer* v. *Jewett*, 2 N. Y. 146.)

*Geo. W. Miller* for respondent. The action of ejectment for non-payment of rent is regulated by statute. (Code Civ. Pro. chap. 14, art. 1.) Service of notice of intention to re-enter is an indispensible prerequisite to the maintainance of the action. (Code Civ. Pro. § 1505; *Van Rensselaer* v. *Ball*, 19 N. Y. 100; *Van Rensselaer* v. *Slingerland*, 26 id. 580; *Van Rensselaer* v. *Snyder*, 13 id. 299; *Whyland* v. *Weaver*, 67 Barb. 116.)

VANN, J. The determination of this appeal depends upon the construction to be given to the instrument, of which an analysis appears in the foregoing statement, in connection with certain sections of the Code appertaining to the subject. It is well settled that the parties to such a grant are presumed to have contracted with reference to the power of the Legislature to annul, modify or change the remedies therein provided for the collection of the rent reserved. (*Van Rensselaer* v. *Snyder*, 13 N. Y. 299; *Van Rensselaer* v. *Slingerland*, 26 N. Y. 580, 585.)

From an early day there has been legislation upon the subject, in the interest of both grantor and grantee, abolishing old and substituting new remedies, so as to conform to changes in times. Such legislation, when subjected to review by the courts, has uniformly been pronounced constitutional, even as to pre-existing instruments, because it affected the remedy only. (*Van Rensselaer* v. *Ball*, 19 N. Y. 100.)

Where the right to re-enter for a breach of the covenant to pay rent was reserved, unless the lease prescribed the method of making a demand for the rent, it was necessary for the

landlord to proceed according to the common law, and either in person or by his duly authorized agent to make an actual demand of the exact amount of rent due on the very day that it became due, at a convenient time before sunset, so that the money could be counted before night and at the precise place where the rent was made payable, or if that was not provided for in the grant or lease, at the most notorious place upon the land demised. ( *Van Rensselaer* v. *Jewett*, 2 N. Y. 141, and cases cited on p. 148.) To relieve the landlord of this technical and inconvenient method of procedure, it was provided by a statute, passed before either of the leases under consideration was executed, that an action of ejectment should " stand instead of a demand of the rent in arrear." (L. 1805, chap. 95.) This statute appears in the Revised Laws (1 R. L. chap. 63, p. 440, § 23), was re-enacted in the Revised Statutes (2 R. S. 505, § 30), and is the basis of section 1504 of the Code of Civil Procedure, which is as follows : " When six months' rent or more is in arrear upon a grant reserving rent, or upon a lease of real property, and the grantor or lessor, or his heir, devisee or assignee, has a subsisting right by law to re-enter for the failure to pay the rent, he may maintain an action to recover the property granted or demised, without any demand of the rent in arrear or re-entry on the property."

The plaintiff claims that this section applies to this case and that it should control the decision of this appeal.

When the right to distrain for non-payment of rent was abolished, it was provided by the same act that where a right of re-entry was reserved in the grant or lease in default of goods whereon to distrain, ejectment might be maintained, provided a written notice of intention to re-enter was given fifteen days before the commencement of the action. (L. 1846, chap. 274, § 3.)

This provision was substantially reproduced by section 1505 of the Code, of which the following only is here material : " Where a right of re-entry is reserved and given to a grantor or lessor of real property in default of a sufficiency of goods and chattels whereon to distrain for the satisfaction of rent,

due, the re-entry may be made, or an action to recover the property demised or granted may be maintained by the grantor or lessor, or his heir, devisee or assignee, at any time after default in the payment of rent, provided the plaintiff, at least fifteen days before the action is commenced, serves upon the defendant a written notice of intention to re-enter."

The defendant contends that this section controls, and that service of the notice required thereby is essential to the maintenance of the action. The former section applies only when six months' rent or more is in arrear, independent of the service of notice, and the latter, when the required notice has been served, regardless of how much, or how long, rent has been due. By neither is the remedy therein provided made exclusive, and a case might arise where both sections would apply.

As the right to re-enter in default of sufficient distress was reserved by the grant in question, it is evident that if the fifteen-day notice had been served, the grantor or landlord could have maintained ejectment under this section. It was so held under the corresponding section in the act of 1846, when leases similar in this respect were under consideration. (*Snyder* case, 13 N. Y. 299; *Slingerland* case, 26 N. Y. 580.)

It is also evident that unless this grant provides a right of re-entry for some reason other than a default of sufficient distress, ejectment cannot be maintained until such notice has been served. It appears upon an examination of the grant that the right to re-enter does not depend solely upon the ground last mentioned, but that if either of the covenants and conditions to be performed by the grantees shall be broken "then and in each and every such case" the right of re-entry is expressly conferred upon the grantor and his successor in title. Among those conditions and covenants is the agreement to pay the rent reserved at the time and place named. This covenant, 't is to be assumed for the purpose of this appeal, was broken by the defendant. In other words, the tenant covenanted to pay the rent and agreed that if he broke this covenant the landlord might re-enter, and subsequently he broke the cove-

nant. The stipulation for a right to re-enter upon this ground is entirely independent of the stipulation giving that right in case of a failure of distress. The provisions are alternative, separated by a disjunctive conjunction and followed by the comprehensive words "that then and in each and every such case" a re-entry shall be lawful. Thus the plaintiff, who in his complaint founds his right to recover upon this breach alone, had "a subsisting right by law to re-enter for the failure to pay the rent," and as six months' rent was in arrear, the case comes within section 1504 of the Code, which authorizes a recovery of the property granted or demised, without any demand.

This construction of the grant is in exact accord with the reasoning of the court in *Van Rensslaer* v. *Jewett* (*supra*), where an instrument precisely the same in all respects, except as to names, dates and amounts, was under consideration (pp. 142, 143). The Chief Judge speaking for the Court in that case said: "The first question which I shall consider is, whether there is a right of re-entry reserved by the terms of the lease upon a simple breach of the covenant to pay the rent as reserved. * * * If we adhere to the language which the parties have used rather than go upon intentions not expressed, it is plain, as I think, that there are two conditions of re-entry provided for by the proviso. First, a right of re-entry if no 'sufficient distress can be found upon the premises to satisfy such rent due and in arrear, as aforesaid.' * * * And secondly, a right of re-entry 'if either of the covenants and conditions herein before contained on the part of the said party of the second part, his heirs and assigns, to be performed, fulfilled and kept, shall not be performed, fulfilled and kept, or shall be broken.' The covenant to pay rent, as, indeed, all the other covenants of the lessee, of which there are several, precede this clause in the lease and clearly come within the language as well as the meaning of this second proviso of re-entry and to which it is plainly applicable. The covenant is absolute and unqualified, and although there may be a sufficient distress to satisfy the rent both at the day it is made payable and at the expiration

of the twenty-eight days next thereafter, the lessor is not bound to take his remedy by distress, but may have it by way of re-entry upon a breach of the covenant to pay rent."

In *Hosford* v. *Ballard* (39 N. Y. 147, 152), the court said that the Act of 1846 " is in terms applicable to a case in which the right of re-entry is by the grant or lease itself made to depend upon the default of a sufficiency of goods whereon to distrain, and nottwhere the right of re-entry is given by the lease or grant in default of the payment of the rent when it becomes due.  Thus where the right of re-entry is reserved and given to a grantor or lessor, in any grant or lease, in default of a sufficiency of goods and chattels whereon to distrain for the satisfaction of any rent due, such entry may be made at any time after default in the payment of such rent, provided fifteen days' notice be given, etc.  Obviously, this does not describe the cases in which the right of re-entry is reserved and given on default of payment, without any regard to the question whether there are goods and chattels on the premises or not." (See also *Van Rensseler* v. *Dennison,* 35 N. Y. 393; *Cruger* v. *McLaury,* 41 N. Y. 219; *Keeler* v. *Davis,* 5 Duer, 507.)

The *Snyder, Ball, and Slingerland* cases (*supra*), relied upon by the respondent, did not involve the point under consideration.  In each of those cases the fifteen-day notice had been served and the action was brought, tried, decided and a recovery sustained upon that ground only.  The effect of the breach of the covenant to pay rent and of the stipulation that if such covenant should be broken, the grantor or lessor might re-enter, was neither considered nor involved.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.