# Princess Amusement Co. *v.* Smith.

## *Bill for an Accounting.*

(Decided Nov. 22, 1911. 56 South. 979.)

1. *Landlord and Tenant; Re-entry and Recovery of Possession.*—Where by the terms of the lease, the landlord had a right, on default, to re-enter and annul the lease without notice or demand, and there was in fact a default, the landlord was not accountable in equity for going into the possesison of the premises, although there may have been a fraudulent agreement for surrender of possession between the person in charge for the lessee and the husband of the landlord.

2. *Same; Conversion of Chattels.*—Where a landlord has rightfully re-entered the premises under the terms of a lease as for a default, the landlord is not guilty of a conversion of severable chattels contained therein

3. *Equity; Remedy at Law; Conversion of Chattels.*—Where a landlord has rightfully taken possession of premises under the terms of his lease as for a default, equity will not determine whether he is liable for a conversion because of a use by him of severable chattels, as the remedy at law is plain and adequate.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Princess Amusement Company against Mrs. Lucy Smith, for an accounting to ascertain the value of a lease and for damages for the conversion of certain chattel. From a decree sustaining demurrers to the bill complainant appeals. Affirmed.

WHITTAKER & NESBIT, for appellant. The general rule is that improvements made by a tenant on demise premises in furtherance of the purposes of the lease may be removed before or at the expiration of the term, provided the premises are left in as good condition as when received.—24 Cyc. 1101; Taylor's Landl' & Ten. par. 544-46; 59 S. E. 544; 2 Peters 137; 19 N. Y. 234. Under the circumstances in this case, it will be

implied that the property placed on the leased premises should remain the property of the person placing it there.—19 Cyc. 1065; 102 Mass. 201; 54 Mich. 249, and authorities supra. The sole question is whether it is designed for the purpose of trade or not.—Authorities supra. The action of the landlord amounted to a conversion.—*Tatum v. Manning,* 9 Ala. 144; *Lee v. Matthews,* 10 Ala. 682; *Ewing v. Blount,* 20 Ala. 694; *Linan v. Reeves,* 68 Ala. 89.

SMITH & MUDD, for appellee. There is no question but what there was a forfeiture, and if fraud intervened, then equity will not interfere to aid either.—5 How. 162; 35 W. Va. 513; 11 Paige 349; *Clark v. Colbert,* 67 Ala. 92; *Treadwell v. Torbert,* 119 Ala. 279. As to what is a trade fixture see 19 Cyc. 1065, and as to when a trade fixture becomes annexed, see 19 Cyc. 1066. Where a tenant forfeits a lease for his own default, he loses the right to remove his own fixtures.—8 Cal. 36; 27 Atl. 127; 24 Cyc. 1103. There could be no conversion. —*Andrews' case,* 112 Ala. 381; 24 Cyc. 1104; *Couch v. Davidson,* 109 Ala. 313.

ANDERSON, J.—The only theory upon which the equity of the present bill can be sustained is the cancellation or annulment of a certain contract or agreement between T. S. Smith and Kirby, forfeiting the lease in fraud of the company and other stockholders. While such a fraudulent agreement is averred, it is not proven. The proof shows that the company was behind with the rent and that liens had been created on the rink superior to the lien of Mrs. Smith, and by the terms of the lease, if there was a default in the payment of the rent or a violation of any other condition of same, the landlord had the right to re-enter the premises and

annul the lease, without notice or demand. The respondent, therefore, had the right to declare the lease forfeited, independent of any agreement with or surrender of the possession by Kirby, and the proof utterly fails to show that the forfeiture was fraudulently procured, as she had the legal right to declare said lease forfeited, and did do so, regardless of the motive or intention on the part of her husband and Kirby in making the agreement, subsequently reduced to writing and dated June 24, 1908. This agreement was not one of forfeiture, but was one looking to the future operation of the rink, and upon the hypothesis that the lease had already been forfeited. Therefore, with this feature of the case removed, the bill is shorn of all equity, and any relief to which the complainant is entitled must be upon the assumption that the lease was legally forfeited.

The lease having been legally forfeited, the respondent could not be guilty of a conversion in going into the possession of the rink and skates, even though the rink was a severable chattel and did not become a part of the freehold.

Whether or not the respondent is liable to the complainant for a conversion of the rink and skates, by using the same, we do not decide; for, if such is the case, the complainant would have a plain and adequate remedy at law.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.