145 So. 313

## MYLES et al. v. STRANGE.
### 1 Div. 745.

Supreme Court of Alabama.

Dec. 22, 1932.

Rehearing Denied Jan. 19, 1933.

J. G. Bowen, of Mobile, for appellants.

Gordon, Edington & Leigh, of Mobile, for appellee.

GARDNER, J.

Defendants occupied the store property here in question under a verbal agreement with the plaintiff. The rent was payable monthly in advance, $25 per month for the first six months, and $30 per month for the remaining six months if the tenants desired to occupy for that length of time. Defend-

ants took possession in September, 1930. The monthly rental was due on the 18th of the month, and was paid to January 18, 1931. There was not prompt payment in advance in January, 1931, though plaintiff testifies to a check sent her on January 27th, which she returned, and notice of termination of the right of occupancy and demand for possession was served on defendants January 30, 1931. The suit in unlawful detainer was instituted in the justice court March 9, 1931.

■ There was no testimony of any agreement that the right of possess'on would be forfeited upon nonpayment of the rent. "In the absence of a provision to such effect in the lease, non-payment of rent does not as a general rule work a forfeiture, and hence confers no right of re-entry." 36 Corpus Juris, 599; 35 Corpus Juris, 1065. Frequently, of course, the lease so provides for a forfeiture of possession upon a breach of covenants on the part of the tenant, including the payment of rent (Princess Amusement Co. v. Smith, 174 Ala. 342, 56 So. 979; Johnson v. Blocton-Cahaba Coal Co., 205 Ala. 373, 87 So. 559), but in the absence of such stipulation the foregoing rule obtains.

■■ It would appear, therefore, that the evidence as to a failure of prompt payment of the rent (as to which there was much testimony) was immaterial. There does appear some evidence, however, in the testimony of plaintiff's husband tending to show an agreement on the part of the tenants to surrender possession upon thirty days' notice in the event plaintiff should consummate a sale of the property, and the notice of January 30, 1931, may be held referable thereto. But this was the only notice offered in evidence, and counsel for appellee insist that only one notice is required under the provisions of section 8823, Code 1923. It has been the accepted rule, in cases of this character, that the plaintiff in unlawful detainer must, in order to maintain an action, first, show a termination of defendant's possessory interest by notice duly given, and, second, the demand required by statute (section 8001, Code 1923) after the termination of such interest. Speer v. Smoot, 156 Ala. 457, 47 So. 256; Ross v. Gray-Eagle Coal Co., 155 Ala. 250, 46 So. 564; Barnewell v. Stephens, 142 Ala. 609, 38 So. 662; McDevitt v. Lambert, 80 Ala. 536, 2 So. 438; Johnson v. Blocton-Cahaba Coal Co., 205 Ala. 373, 87 So. 559.

We do not construe section 8823, supra (new to the Code of 1923), as indicating a change in the rule which requires these two notices to be given in a case of this character. The default therein referred to, of course, means a default which justifies the termination of the possessory right under the contract, and the provision as to the ten days' notice is for the termination of such possessory interest, and will suffice in the absence of an express contract stipulation to the contrary. The entire section has reference to the notice of termination of the contract and the possessory right thereunder, and is without any connection with the ten days' notice required after the termination of the tenant's possessory interest under the express provisions of section 8001, supra. See, in this connection, Brown v. Baker, 220 Ala. 45, 124 So. 87. We conclude, therefore, that the two notices still remain separate and distinct and are necessary in cases of this character, as held in the authorities above noted.

It results that the one notice offered in evidence does not suffice to meet the rule of our statutes and decisions, and as a consequence the proof did not justify a judgment for the plaintiff.

■ Defendants interposed several special pleas which, on motion of plaintiff, were striken from the files. This action of the court was evidently based upon the theory that in this character of action the plea of the general issue sufficed for all purposes. Cooley v. U. S. Sav. & Loan Co., 144 Ala. 538, 39 So. 515; Bibby v. Thomas, 131 Ala. 350, 31 So. 432.

Our cases are in accord with the general rule as expressed in 26 Corpus Juris, 854: "Except when it is otherwise provided by statute, the plea of not guilty puts in issue all material allegations of the complaint and in general is sufficient." But plea 7 was not interposed as a defense to the unlawful detainer action, but only to the damages sought to be recovered which is a mere incident to the principal suit, and this plea was one of set-off against such claimed damages. Such defense was proper (section 8012, Code 1923), and it is well understood that set-off, being a counter demand in the nature of a cross-action (34 Cyc. 625) and strictly speaking not a defense to the action (34 Cyc. 644), must be specially pleaded. Kannady v. Lambert, 37 Ala. 57.

We are of the opinion, therefore, that the rule above noted as to the sufficiency of the plea of the general issue was never intended, and is not to be extended to embrace a plea of set-off to the damages claimed. It was error to strike plea 7.

For the errors indicated, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.