164 So. 388

### FIRST NAT. BANK OF HUNTSVILLE v. CARTER.

### 8 Div. 630.

Supreme Court of Alabama.
Oct. 31, 1935.

Rehearing Denied Dec. 12, 1935.

Fred Wall, of Athens, and R. E. Spragins and Watts & White, all of Huntsville, for appellant.

Wm. L. Chenault, of Russellville, and James G. Rankin, of Athens, for appellee.

GARDNER, Justice.

This suit was begun by attachment for rent and advances.

The defendant interposed numerous pleas in recoupment setting up wrongful eviction, upon which issue was taken and a verdict rendered in defendant's favor and awarding him a sum in excess of plaintiff's claim.

The real issues as to the merits of the case were few and free from complications. The eviction complained of was constructive only (Wyatt v. Adair, 215 Ala. 363, 110 So. 801; 36 Corpus Juris, 261), and the plaintiff insists it had a right to take peaceable possession for a failure to promptly pay the rent, the lease contract giving a right of re-entry upon such failure, and in addition claimed there was in fact no eviction as defendant voluntarily abandoned the premises on account of insufficient finances.

Defendant insists that the right of re-entry was waived, and that no demand for payment was made. These matters presented disputed issues of fact.

Plaintiff argues the case upon the assumption demand was waived, as in Princess Amusement Co. v. Smith, 174 Ala. 342, 56 So. 979; but the lease here contains no such provision. The rent was

payable at the plaintiff bank in Huntsville, and though, we think, the contract discloses the strict rule of the common law as to demand for payment (16 R.C.L. pp. 1128, 1129) was not to be observed, yet we conclude that a demand for payment was necessary to the end the defendant may be put on notice that plaintiff may, in event of refusal of payment, exercise its right of re-entry. 32 Cent.Dig. Landlord and Tenant, § 1172, p. 1230; 36 Corpus Juris, 599; Pendill v. Union Mining Co., 64 Mich. 172, 31 N.W. 100.

We have not overlooked defendant's plea for damages to his tobacco in the barn, but this issue was clearly eliminated by the action of the court on motion for new trial, and our study of the record is persuasive the trial court correctly so concluded.

Among defendant's pleas was plea K, which plaintiff interprets as charging a wrongful eviction and no right of re-entry on plaintiff's part for the reason that plaintiff had attached crops grown on the premises of value more than sufficient to pay plaintiff all that was due it. Defendant apparently acquiesces in such construction of this plea, as we read the brief of counsel who take no issue thereon, and as is further indicated by grounds of demurrer interposed by defendant to replication 8 filed to said plea K. Whatever doubt, therefore, that may in the first instance have been entertained as to the true meaning of the plea, is removed by the action of the parties thereon, and which justifies like construction here.

■■ Construing the plea against the pleader, it will be assumed the rent was not paid and possession peaceably obtained, with no waiver of the provisions of the lease as to re-entry upon failure to promptly pay. The mere fact therefore that plaintiff had issued for past-due rent an attachment levied on property of value more than sufficient to pay its debt could not be said to deprive plaintiff of its right of peaceable re-entry. It seems to be generally recognized that an eviction does not relieve from liability for rent which is already due, if the rent is not payable in advance. 1 Taylor's Landlord and Tenant, p. 1158, § 182; Schuisler v. Ames, 16 Ala. 73, 50 Am.Dec. 168; 16 R.C.L. 1137. Here the right of re-entry is based upon the express provisions of the lease for failure to promptly pay, and with no reference whatever to a want of sufficient distress. 36 Corpus Juris, 599. The right of re-entry therefore is unaffected by the attachment proceedings. Martin v. Rector, 118 N.Y. 476, 23 N.E. 893; 36 Corpus Juris 599.

Counsel for defendant have cited no authority to sustain said plea, and we therefore conclude that as so interpreted it sets up no sufficient answer to the complaint, and that the demurrer thereto should have been sustained.

What has been said should suffice for another trial of the cause without further discussion.

For the error indicated, let the judgment stand reversed.

Reversed and remanded.

BOULDIN, BROWN, and FOSTER, JJ., concur.