165 So. 763
**DE SOTO FALLS DEVELOPMENT CO.
v. LIBBY.
7 Div. 343.**

Supreme Court of Alabama.
Feb. 13, 1936.

508

C. A. Wolfes, of Fort Payne, for appellant.

Haralson & Son, of Fort Payne, for appellee.

GARDNER, Justice.

Inadequacy of a remedy at law is the foundation stone upon which equity jurisprudence rests (Price v. Hall, 226 Ala. 372, 147 So. 156; Samples v. Grizzell, 230 Ala. 176, 160 So. 538; Bullard Shoals Mining Co. v. Spencer, 208 Ala. 663, 95 So. 1), and, where the wrong can be compensated in money, and the action at law affords adequate remedy, equity will not take jurisdiction without some independent matter of equitable cognizance (Hunt v. Jones, 203 Ala. 541, 84 So. 718; City of Tuscaloosa v. Williams, 229 Ala. 542, 158 So. 753).

Reduced to the last analysis, the bill in substance and effect merely seeks the payment of the agreed rent for the leased premises.

There is no averment of insolvency of this defendant or the original lessee (if of any importance here), nor any averment indicating any reason for a failure on complainant's part to obtain relief by an action at law.

The bill discloses no right of re-entry. No such provision is found in the lease, and, in the absence of such stipulation, the general rule here approved is to the effect that nonpayment of rent does not work a forfeiture, and hence confers no right of re-entry. Myles v. Strange, 226 Ala. 49, 145 So. 313.

It is clear, also, and not contended otherwise, that complainant has no lien (Montana v. Alabama Fishermen's & Hunters' Ass'n, 226 Ala. 303, 146 So. 805), and it is equally clear the equity of the bill cannot be rested upon any theory of prevention of multiplicity of suits (Phillips v. Catts, 206 Ala. 594, 91 So. 579).

The argument of complainant, with citation of authorities (15 Corpus Juris, 1252; Gilmer v. Mobile & Montgomery Ry. Co., 79 Ala. 569, 58 Am.Rep. 623, and Mobile & Montgomery Ry. Co. v. Gilmer, 85 Ala. 422, 5 So. 138), that the covenant in the lease to pay rent runs with the land, and may be held binding on an assignee of the lease, adds nothing to the bill's equity, but is merely persuasive to the effect that under the bill's averments and the exhibit thereto this defendant may be held liable for the agreed rent.

So far as here appears, the remedy at law is adequate, and no independent matter of equitable cognizance is averred.

It follows, therefore, the bill is without equity and that the demurrer thereto should have been sustained. The decree will accordingly be here reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.