22 So.2d 324

HYDE v. BAINS.

6 Div. 343.

Supreme Court of Alabama.

May 17, 1945.

J. T. Johnson, of Oneonta, for appellant.

R. G. Kelton, of Oneonta, for appellee.

STAKELY, Justice.

On June 23, 1942, under a written lease, M. Denton leased to Mrs. Ida Bains (appellee) a certain store building in Oneonta, Alabama, the rent to be at the rate of forty dollars per month, payable monthly. The lease, among other things, provided for renewal of the lease on the same terms for an additional period of five years. There is no provision in the lease giving the landlord the right of re-entry or the right to declare the lease forfeited on the failure to pay the rent.

While the lease was in force, J. H. Hyde (appellant) purchased the property embraced in the lease from M. Denton and received from him transfer of the lease on January 28, 1944. Appellant made no demand on appellee at any time for payment of rent. The January rent was not paid promptly when due on February 1, 1944, nor were rents for subsequent months paid. Such rents have, however, been tendered into court.

About the middle of February, 1944, appellant and appellee had a conversation in which appellant offered appellee $500 to move. Appellee stated that she would let appellant know. The next day appellant told appellee the offer was off. On March 9, 1944, appellee was served with a written notice from appellant that appellant elected to terminate the lease and demanded possession of the premises within ten days from date. On April 11, 1944, appellee was served with a written notice from appellant in substance that since appellee's right of possession had terminated, demand was made for surrender of full possession of the premises within ten days from date.

Appellant instituted suit against appellee for possession of the premises. At the conclusion of the evidence, which has been substantially stated above in its material aspects, and all of which was introduced by the plaintiff, the defendant moved to exclude the evidence. The court granted the motion and directed the jury to find for the defendant. There was verdict and judgment for the defendant. Hence this appeal.

It is evident that the plaintiff in the trial of the case, although the term of the lease had not expired, relied upon the failure of the defendant to pay the rent promptly, as the basis for declaring the lease terminated and demanding possession of the premises. However, the evidence shows that the lease in effect between the parties contains no agreement, providing that nonpayment of rent authorizes termination of the lease and confers upon the landlord the right of re-entry. This is an omission in the provisions of the lease fatal to plaintiff's case. "In the absence of a provision to such effect in the lease, nonpayment of rent does not as a general rule work a forfeiture, and hence confers no right of re-entry." Myles et al. v. Strange, 226 Ala. 49, 145 So. 313; DeSoto Falls Development Co. v. Libby, 231 Ala. 507, 165 So. 763. In referring to what is now § 6, Title 31, Code of 1940, this court in Myles et al. v. Strange, supra, said: "The default therein referred to, of course, means a default which justifies the termination of the possessory right under the contract." As pointed out, the lease in the present case contains no clause which justified termination of the possessory right under the lease.

Does § 35, Title 31, Code of 1940, which was a part of the Act adopted in 1932, change the situation? It clearly does not. The demand provided by this section is expressly predicated on holding over by the tenant after expiration of the term of the lease or after the tenant's "right of possession has terminated or been forfeited." There is nothing which makes nonpayment of rent a ground for forfeiture or re-entry. Shell Petroleum Corporation et al. v. Gowan et al., 240 Ala. 497, 199 So. 849. See also Garrett v. Reid, 244 Ala. 254, 13 So.2d 97.

Plaintiff failed to make out his case. Accordingly it was not prejudicial error for the court to direct a verdict for the defendant without written request. O'Bar v. Southern Life & Health Ins. Co., 232 Ala. 459, 168 So. 580.

In view of the conclusions reached, it is not necessary to consider other questions. The lower court was not in error.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.