76 So.2d 856

### R. P. FERGUSON

v. ·

### Mrs. Willie CALLAHAN.

**7 Div. 213.**

Supreme Court of Alabama.

Aug. 30, 1954.

Rehearing Denied Jan. 20, 1955.

Ross Blackmon, Anniston, for appellant.

Evans & Norred, Anniston, for appellee.

118

SIMPSON, Justice.

This was an action for the conversion of certain household goods. Plaintiff's daughter was a month-to-month tenant of defendant in Jacksonville, Alabama. There was a conflict of testimony as to whether the rent was due on the 5th or 15th of each month, but it was last paid on August 16, 1951. During the last of August, plaintiff's daughter established a home in Anniston where plaintiff frequently stayed but returned at intervals to the rented premises in Jacksonville. Plaintiff was given a notice to vacate by defendant on September 15, 1951, and she testified that she in turn gave it to her daughter. The testimony was to the effect that the defendant removed the plaintiff's furniture from the rented premises in Jacksonville on September 20, 1951. It was for this act that suit was brought, and the jury returned a verdict awarding the plaintiff $2,750 damages. Defendant appeals.

■ Unless there is a special provision in a lease authorizing it, the mere nonpayment of rent does not work a forfeiture or give rise to a right of re-entry. The remedy of the landlord in such cases is to terminate the lease and demand possession, and if this is unsuccessful to bring an action of unlawful detainer. Myles v. Strange, 1933, 226 Ala. 49, 145 So. 313; Title 31, §§ 5, 6; Title 7, § 967, Code 1940. It follows that defendant was not entitled to the general affirmative charge and his first assignment of error is not well taken.

There were 28 other assignments of error, many of which were abandoned by appellant. When assignments are so multiplied, they serve more to confuse than to clarify the issues, so we will mention only a few which we deem necessary to treat.

■ Defendant urges that the trial court erred in refusing to give a requested charge as to the elements of conversion (assignment No. 10). The record reveals that this was substantially covered by the oral charge and a charge given on request of de-fendant, thereby resulting in no error. True, the charges given by the court only referred to an unlawful taking, and no mention was made of an unlawful retaining as was set out in the refused charge. But if the charge was good, the omitted clause made the charge more favorable to the defendant, resulting in no error to reverse. Supreme Court Rule 45.

■ Much argument is also made of the fact that the trial court refused to give requested charges for the defendant to the effect that the allegation of the time of the conversion ("to-wit, the 20th day of September, 1951") had to be proved with precision and certainty. It is well settled in this jurisdiction that in an action for conversion, time is not of the essence. Atchley v. Wood, 1951, 255 Ala. 227, 51 So.2d 705. And when matter of time is not of the essence of the issue and is alleged under a videlicet, it does not have to be proven strictly as laid. Great Atlantic & Pacific Tea Co. v. Crabtree, 1935, 230 Ala. 443, 161 So. 508.

■ Defendant's 16th and 17th assignments of error are laid to the court's refusal to give two requested charges dealing with justification. Whatever may be the merit of the abstract principles of law set forth in these charges, they both assumed material questions of fact in controversy and were, therefore, bad. Kennedy v. Collins, 250 Ala. 503, 35 So.2d 92.

■ Plaintiff claimed punitive damages, and $750 was apparently awarded for that purpose, but we do not think there was sufficient evidence of insult or malice to support such an award. See Howton v. Mathias, 197 Ala. 457, 73 So. 92. We think the judgment excessive to this extent, and it will be reversed unless the plaintiff enters a remittitur in that amount. Title 7, § 811, Code 1940.

Affirmed conditionally.

LIVINGSTON, C. J., and GOODWYN and CLAYTON, JJ., concur.