The issue presented for review on this appeal is whether summary judgment was erroneously entered in behalf of Longfellow Development Company, Inc., a corporation, in statutory proceedings instituted by it to recover possession of premises belonging to it and occupied by Mary C. Hicks.
The action began in the district court upon the filing of an affidavit by plaintiff as provided for in Tit. 31, § 35, Code 1940 (§ 35-9-80, Code 1975):
 "In all cases where a tenant shall hold possession of lands or tenements over and beyond the term for which the same were rented or leased to him, or after his right of possession has terminated or been forfeited, and the owner of the lands or tenements shall desire possession of the same, such owner may by himself, his agent or attorney-in-fact or attorney-at-law demand the possession of the property so rented, leased, held or occupied; and if the tenant refuses or omits to deliver possession when so demanded, the owner, his agent or attorney-at-law or attorney-in-fact may go before the district court in the county in which the land lies, and make oath of the facts."
A writ of possession was issued as provided for in Tit. 31, § 36, Code 1940 (§ 35-9-81, Code 1975):
 "When the affidavit provided for in section 35-9-80
shall be made, the district court before whom it was made shall grant and issue a writ or process directed to the sheriff or his deputy or any lawful constable of the county where the land lies, commanding and requiring him to deliver to the owner or his representative full and quiet possession of the lands or tenements mentioned in the affidavit, removing the tenant with his property found thereon away from the premises."
Longfellow Development's affidavit recited that Mary C. Hicks had been given a ten day notice to vacate. This was apparently done to comply with Tit. 31, § 3, Code 1940 (§ 35-9-3, Code 1975):
 "Where no time is specified for the termination of tenancy, the law construes it to be from December 1 to December 1 but if it is expressly a tenancy at will, then either party may terminate it at will, by 10 days' notice in writing."
Mary Hicks arrested the proceedings by filing an affidavit as provided for by Tit. 31, § 37, Code 1940 (§ 35-9-84, Code 1975). After submission upon affidavits, the district court entered judgment for possession and Mary Hicks appealed to the circuit court for trial de novo.
In the circuit court, Longfellow Development filed its motion for summary judgment and submitted on affidavits in support thereof which, in substance, stated that Mary C. Hicks owed rent for the period 14 January 1977 through 14 September 1977 inclusive and she had been served with two ten day "quit" notices; one on 9 July 1977, another on 23 July 1977. Mary Hicks submitted on affidavits which, in substance, stated Longfellow had no right to possession, *Page 221 
she was not indebted to it, she had a lease which was still in effect, Longfellow refused to accept her rent payment when attempt was made to pay before it was due, and rent would be current but for the refusal of it. Motion for summary judgment was granted, judgment entered by the circuit court for possession of the premises, after which this appeal was timely taken.
The record contains no pleadings; none are required by these statutory proceedings, but the better practice would be to utilize pleadings so the issues might be clearly framed. The proceedings, authorized by §§ 35-9-80 through 35-9-88, are designed to afford an owner or landlord a speedy remedy to recover possession of his land after expiration of the term of the tenancy or right of possession of the tenant. Riley v. Riley,257 Ala. 636, 60 So.2d 432 (1952).
In this case the affidavits, upon which the motion for summary judgment was submitted, do not reveal the nature of Mary Hicks' tenancy. The only hint of it is found in her affidavit where she states that her lease was still in effect. Without evidence of the nature of the tenancy, it is impossible to determine whether her right to possession had terminated or expired. Non-payment of rent, of itself, does not work forfeiture of possessory right or create the right of re-entry. Hyde v. Bains, 247 Ala. 8,22 So.2d 324 (1945).
For a thorough discussion of the construing of these statutes with the statutes relating to unlawful detainer see Garrett v.Reid, 244 Ala. 254, 13 So.2d 97 (1943).
It was the burden of Longfellow Development to show that Mary Hicks was holding over and beyond the term for which she rented the premises or after her right of possession was terminated or forfeited. Garrett, supra. From the affidavits it cannot be determined for what term the premises were rented, therefore we cannot know whether she was holding over and beyond that term. Similarly, there is no evidence from which we can determine whether her right of possession was terminated or forfeited.
Most certainly, the evidence in this regard is not such that it may be said there is no genuine issue as to any material fact in this case which makes entry of summary judgment appropriate.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.