435 So.2d 35 (1983)
David MORIARTY
v.
John J. DZIAK and Charles Penn.
82-13.
Supreme Court of Alabama.
July 1, 1983.
*36 R. Landy Raley of Wilson & Morrow, Florence, for appellant.
Dennis N. Odem, Florence, for appellees.
ADAMS, Justice.
This is an appeal by the plaintiff, David Moriarty, from a summary judgment entered in favor of defendants John J. Dziak and Charles Penn, by the Circuit Court of Lauderdale County. The circuit court denied plaintiff's motion for summary judgment, but plaintiff has not appealed from that denial.
The issues raised on this appeal are as follows:
1. Was the circuit court correct in granting defendants' motion for summary judgment as to the legality of defendant Dziak's re-entry of the rental premises under the clause of the lease that provided for lessor's re-entry upon lessee's failure to pay rents when due?
2. Did the circuit court err in granting defendants' motion for summary judgment as to the legality of defendant Dziak's retention of plaintiff's household goods and personal property in lieu of past due rents?
We answer these questions in the affirmative, affirming the summary judgment as to the legality of defendant Dziak's re-entry and reversing the summary judgment as to the legality of his continued possession of plaintiff's household goods and personal property.
The relevant facts in this case are as follows:
In January 1981, plaintiff Moriarty leased a duplex apartment from defendant Dziak. The lease was for a period of one year. In pertinent part, the lease provided:
Should the Lessee fail to pay the rents as they become due, ... the Lessor shall have the right at [his] option, to re-enter the premises and annul this lease. And in order to entitle the Lessor to re-enter, it shall not be necessary to give notice of the rents becoming due or unpaid, or to make any demand for the same ....
Plaintiff, his wife and son moved into the apartment immediately, but within a few months fell behind in rent payments. It is conceded by the plaintiff in his affidavit in support of his motion for summary judgment that during the time he was behind in his rent, defendant Dziak sent him several notes requesting that the rent be paid. Later, about June 1, 1981, defendant Penn, at the direction of defendant Dziak, removed the plaintiff's furniture, clothing and household goods from the apartment and changed the locks on the door to the premises. The furnishings were put in storage, and not returned to the plaintiff.
Plaintiff sued the defendants for damages arising out of the alleged wrongful eviction of plaintiff from defendant Dziak's property and the confiscation of his goods and personal property by the defendants. Both parties filed motions for summary judgment, supported by affidavits. The motion for summary judgment filed by defendants was granted; the motion for summary judgment filed by plaintiff was denied. Plaintiff appeals from defendants' summary judgment.

I.
It is clear that "[i]n the absence of a provision to such effect in the lease, non-payment of rent does not as a general rule work a forfeiture, and hence confers no right of re-entry." Myles v. Strange, 226 Ala. 49, 50, 145 So. 313, 313 (1932). Hence, where such a provision has not been included in the lease, "[t]he remedy of the landlord in such cases is to terminate the lease and demand possession, and if this is unsuccessful to bring an action of unlawful detainer." Ferguson v. Callahan, 262 Ala. 117, 118, 76 So.2d 856, 857 (1954).
This court, in the Myles case, noted that "[f]requently, ... the lease so provides for a forfeiture of possession upon a breach of covenants on the part of the tenant, including the payment of rent ...." 226 Ala. at 50, 145 So. at 313. In the case sub judice, the lease signed by Moriarty clearly provided for such forfeiture and re-entry by the *37 landlord for failure to pay rents as they became due.
In Princess Amusement Co. v. Smith, 174 Ala. 342, 56 So. 979 (1911), this court addressed the effect of a lease provision similar to the one under consideration in the instant case. There, "by the terms of the lease, if there was a default in the payment of the rent or a violation of any other condition of same, the landlord had the right to re-enter the premises and annul the lease, without notice or demand." 174 Ala. at 343-44, 56 So. at 979. This court concluded that the landlord, "therefore, had a right to declare the lease forfeited ...," and to peaceably go into possession of the premises. 174 Ala. at 344, 56 So. at 979-80. See generally Huskey and Etheredge, Alabama Landlord & Tenant Breaches & Remedies, § 2-15; Annot., 6 A.L.R.3d 177 (1966). Clearly, the relevant provision of the lease in this case likewise conferred upon defendant Dziak the right to annul the lease and peaceably re-enter the premises occupied by plaintiff and his family. The record contains no indication that Dziak's re-entry was not peaceable.
It should be noted that defendant Dziak, the lease provision foregoing demand of rent notwithstanding, sent plaintiff several notes requesting past due rent previous to re-entry. Such action on the part of Dziak was in compliance with the general rule that a landlord may effect re-entry under a lease provision only after a demand for payment. First National Bank of Huntsville v. Carter, 231 Ala. 268, 164 So. 388 (1935). Such a demand is required so that the tenant "may be put on notice that the plaintiff may, in event of refusal of payment, exercise its right of re-entry." 231 Ala. at 269, 164 So. at 388.
In view of the foregoing undisputed facts and authority, we conclude that the circuit court was correct in granting defendants' motion for summary judgment regarding the legality of defendant Dziak's re-entry of the premises.

II.
We now turn to a consideration of the grant of summary judgment with regard to the legality of defendant Dziak's retention of plaintiff's household goods and other personal property in lieu of rent, subsequent to his re-establishment of possession of the premises.
This court has approved a landlord's action of "going into possession" of the severable chattels of a tenant as incidental to a rightful re-entry after the legal forfeiture of a lease. Princess Amusement Co. v. Smith, 174 Ala. at 344, 56 So. at 980. Hence, it must be concluded that defendant Dziak was also entitled to "go into possession" of the plaintiff's household goods and personal property in connection with re-entry of the premises. Such conclusion, however, does not end our inquiry. It remains to be considered whether defendant Dziak's continued retention of plaintiff's property is lawful.
In Princess Amusement Co. v. Smith, supra, this court, as a court of equity, declined to decide whether the landlord was liable to the tenant for a conversion of the chattels because he used them. The court, however, indicated that if such were the case, the tenant "would have a plain and adequate remedy at law." 174 Ala. at 344, 56 So. at 980.
Characterization of defendant Dziak's seizure and retention of plaintiff's personal property for the payment of past due rents as conversion must be predicated upon recognition of the existence of the statutory landlord's lien and the permissible methods for its enforcement. See Code 1975, § 35-9-60 through § 35-9-65. The landlord may seek to enforce the lien for the payment of rent either by attachment under Code 1975, § 35-9-60 or by suit in circuit court for the enforcement of the lien. Huskey and Etheredge, Alabama Landlord & Tenant Breaches & Remedies, § 4-4, citing Leader v. Romano, 208 Ala. 635, 95 So. 7 (1923). A landlord cannot permanently take possession of property on which he has a lien without any legal process. Banks v. Windham, 7 Ala.App. 616, 62 *38 So. 297 (1913). A landlord with a lien given by Code 1975, § 35-9-60, must proceed to enforce it according to the methods prescribed by the statute, and if he does not, but seizes and sells the property on his own motion, he may be guilty of conversion. Id.
In effect, then, we adhere to the view that if a lease has been legally forfeited, a landlord is not guilty of conversion merely for going into possession of a tenant's personal property temporarily as an incident of a lawful re-entry. Princess Amusement Co. v. Smith, 174 Ala. at 344, 56 So. at 980. However, we hold that a landlord may not retain personal property that he has obtained by way of a lawful re-entry without process as "security" for payment of past due rents, for such self-help is not a permissible method of enforcing a landlord's lien.
In view of the foregoing, we believe that plaintiff had a cognizable legal theory regarding defendant Dziak's retention of his personal property, supported by material facts, upon which he was entitled, at least, to a trial on the merits. We are not favored by a brief by the defendants-appellees. Therefore, we have no way of knowing what arguments they could, or would, have made against plaintiff's position.
Plaintiff, in his brief, argues that his motion for summary judgment should have been granted. Unfortunately, we are not able to address his contention, since plaintiff's notice of appeal did not specify that he was appealing from the denial of his motion for summary judgment. His notice of appeal indicates that the scope of the appeal is from the summary judgment for the defendants. Although federal courts and state courts are very liberal in allowing appeals, the "intention to appeal from a specific judgment [must] be reasonably inferred from the text of the notice." Edmondson v. Blakey, 341 So.2d 481, 483 (Ala. 1976); Threadgill v. Birmingham Board of Education, 407 So.2d 129 (Ala.1981); C.A. May Marine Supply Company v. Brunswick Corporation, 649 F.2d 1049 (5th Cir.1981); Elfman Motors, Inc. v. Chrysler Corporation, 567 F.2d 1252 (3d Cir.1977); Donovan v. Esso Shipping Company, 259 F.2d 65 (3d Cir.1958).
For the foregoing reasons, the defendants' summary judgment as to the issue of re-entry under the lease is affirmed; however, the summary judgment as to the issue of defendants' retention of plaintiff's personal property is reversed and the case is remanded for a trial on the merits.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
FAULKNER, ALMON and EMBRY, JJ., concur.
TORBERT, C.J., concurs specially.
TORBERT, Chief Justice (concurring specially).
I agree with the statements of law in the principal opinion respecting the right of the landlord, under the terms of the lease agreement here, to peaceably re-enter the premises upon breach of covenants by the tenant. While we hold that the defendant's initial action in re-entering the property and taking possession of the tenant's furniture temporarily as an incident thereto does not amount to a conversion, the question arises as to whether the landlord's continued possession amounted to a conversion of the tenant's property.
It appears to be the rule that
"[a] demand in an action of trover [and conversion] is only necessary where the taking was rightful, and where a demand and refusal are necessary to constitute a conversion.... [W]here there has been a wrongful assumption of property by the defendant which is of itself a conversion, no demand is necessary before the suit is brought."
Dixie v. Harrison, 163 Ala. 304, 312, 50 So. 284, 286 (1909); Kemp's Wrecker Service v. Grassland Sod Co., 404 So.2d 348 (Ala.Civ. App.1981). It is undisputed in this case that the property was owned by the plaintiff. We have already determined that the defendant's initial retention of the property did not constitute a conversion. It is our view that because the landlord had the right to re-enter the premises and, at least *39 temporarily, to retain possession of the tenant's personal property, a demand by the tenant and refusal by the landlord could be required as an element of the tenant's cause of action.
The affidavit of the plaintiff (tenant) states in part:
"On or about June 1, 1981, Mr. Penn acting as agent or employee of Mr. Dziak removed all our furniture from the rental house. This was done without my permission or my wife's permission. Mr. Penn was aware at the time he removed the furniture that it belonged to us. The furniture was put in storage and has not been returned to us." (Emphasis added).
The affidavit of the defendant (landlord) in pertinent part states:
"Finally, upon my instructions Charles Penn rented a truck and removed the personal belongings from the premises and stored same at Avalon Avenue Mini Storage. The Moriartys have been advised that their personal property is safely stored and that same will be returned to them upon payment in full of the back-rent and our miscellaneous expenses."
The party moving for summary judgment (here the defendant landlord) must show the absence of a genuine issue of any material fact, and that he is entitled to a judgment as a matter of law. Sellers v. Doctors Medical Center, 402 So.2d 1021 (Ala.Civ. App.1981); Bon Secour Fisheries, Inc. v. Barrentine, 408 So.2d 490 (1981); Gray v. WALA-TV, 384 So.2d 1062 (Ala.1980).
Defendant (landlord), in support of his motion for summary judgment, did not submit facts to show that the tenant failed to demand possession, nor evidence that defendant timely sought to enforce his landlord's lien by appropriate legal proceedings. Whether the landlord held the property for an unreasonable period of time or whether he exercised control of the property in defiance of plaintiff's rights after demand by the tenant and refusal of the landlord are matters to be determined by the trier of fact.
Therefore, in view of our rule respecting summary judgments and the liberality of notice pleading, I agree that the trial court should not have entered summary judgment in favor of the defendant as to this aspect of the case on appeal.