This is an appeal from a declaratory judgment and a permanent injunction entered in favor of American Sign/Outdoor Advertising, Inc. ("American"), and against Glen Pieper and Industrial Southeast, Inc. ("Industrial").
In 1982, American and Industrial entered into a 12-year lease agreement wherein Industrial agreed to lease a roadside billboard to American. That lease did not contain any forfeiture or re-entry provisions in the event of nonpayment or late payment of rent. In February 1988 American began making late and partial rent payments to Industrial. Those payments were accepted each month and, although Industrial repeatedly asked for prompt payment of rent, it made no threats to terminate the lease or to take any other action against American. On July 28, 1988, American received oral and written notice from Industrial that the lease was terminated. Following that purported termination, Industrial contacted some of American's advertisers and attempted to negotiate contracts with them. Over the course of the next two months the parties tried to resolve their dispute, without success. After those negotiations broke down, American filed a complaint seeking a declaration of each party's rights under the lease and seeking injunctive relief.
After a hearing, the trial court issued an order permanently enjoining Industrial from attempting to terminate the lease for any past defaults and from contacting any of the advertisers using the billboard. The court also found that Industrial had improperly terminated the lease and taken possession of the billboard. The court ordered the lease reinstated, contingent on American's paying all past due rents, but gave Industrial the right to terminate the lease in the event that American was more than 10 days late with future rent payments. It is from that judgment that Industrial appeals.
A lessor does not have the right to terminate a lease and re-enter the leased property in the event of nonpayment of rent unless the lease contains provisions to that effect. Hicks v.Longfellow Development Co., 362 So.2d 219, 221 (Ala. 1978). In the absence of such provisions, the lessor's remedy after default is to terminate the lease and demand possession. If that demand is unsuccessful, the lessor must then bring an action of unlawful detainer. Moriarty v. Dziak, 435 So.2d 35,36 (Ala. 1983); Ferguson v. Callahan, 262 Ala. 117, 118,76 So.2d 856, 857 (1954).
Industrial maintains that it was not required to demand possession because, by the terms of the lease, it never conveyed possession to American, but conveyed only the right to use the billboard. The language upon which it bases its contention is reproduced below:
 "Industrial Southeast, Lessor, leases and grants to American Sign/Outdoor Advertising, Inc., the following privileges; to wit: the exclusive right to use and advertise with four (4) outdoor advertising bulletins. . . .
 "All signs and sign structures placed upon the premises hereby leased by the Tenant shall always remain the personal property of the Lessor."
(Emphasis supplied.) Industrial's attempt to distinguish between the right of possession and the right to use does not create a distinction of any significance to the rule of the cases cited above. The essential purpose of a lease is to create in the tenant a right to exclusive possession of the leased property. See J. Bennett, Law of Landlord and Tenant § 1, at 19 (1939). That right of possession does not, however, diminish the ownership rights retained by the lessor. Thus, although Industrial continued to own the sign, its lease to American required it to follow the proper termination and demand procedures before retaking possession.
Because the lease between American and Industrial contained no forfeiture or re-entry provisions, Industrial was required to use the procedure set out in Moriarty, supra, to regain possession of the billboard, including a proper demand for possession. We therefore agree with the trial court that Industrial's attempt at termination *Page 51 
was improper, and we affirm its judgment, including the reinstatement of the lease and the injunction. In the event of future defaults, Industrial must follow the procedure set out in Moriarty in order to properly exercise its rights under the lease.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.