Kennamer Shopping Center, Inc. ("Kennamer"), appeals from a summary judgment against it and in favor of Bi-Low Foods, Inc. ("Bi-Low"), operator of Sav-U-Foods, in an unlawful detainer action. We affirm.
Kennamer (lessor) and Bi-Low (lessee) are successors in interest to a lease agreement duly executed on January 28, 1983, by N.D. Kennamer and Ronald Brooks regarding a store building and lot in Huntsville, Alabama. The lease provided for a 10-year term beginning on June 1, 1985, and ending on June 1, 1995. The agreement provided that the rental fee of $1250 would be due on the first day of each month and would be considered delinquent on the 10th day. It provided for non-recourse assignment by the lessee and granted the lessee the option to extend the lease beyond the expiration of the term. Although the lease granted to the lessee the right to terminate the tenancy upon 60 days' written notice, it contained no covenants pertaining to default or granting a right of re-entry or power of termination to the lessor.
Approximately one year into the term, Bi-Low entered the premises through the assignment provision. At that time, Mr. *Page 300 
Wells Johnston, president of Kennamer Shopping Center, Inc., orally informed Bi-Low that Bi-Low would be expected to "abide exactly by all the terms of the lease."
Kennamer concedes that until June 1988, all of Bi-Low's monthly rental payments were "timely" made. However, in that month, Kennamer received the payment on the 15th of the month, five days delinquent. Kennamer returned the check for the June rental payment and refused subsequent payments through December, even though they were timely tendered by Bi-Low.
On June 28, 1988, Kennamer served Bi-Low with a 10-day written demand to vacate the premises. Bi-Low submitted an opposing affidavit alleging its right to continued possession, and Kennamer subsequently filed this unlawful detainer action in the Madison District Court. The district court entered a judgment for Kennamer, and Bi-Low appealed to the Circuit Court of Madison County for a trial de novo. The circuit court granted Bi-Low's motion for summary judgment, and Kennamer appealed.
Kennamer contends that the summary judgment was improper because, it argues, the case involves disputed issues of fact regarding the statutory sufficiency of Kennamer's purported termination of the leasehold. But, as we see it, the dispositive issue is whether Kennamer was authorized by statute to institute the unlawful detainer action in the first instance. We hold that it was not.
An unlawful detainer action will lie where "one who has lawfully entered into possession of lands as tenant fails or refuses, on 10 days' demand in writing after the termination ofhis possessory interest, to deliver the possession thereof to anyone lawfully entitled thereto." Ala. Code 1975, § 6-6-310
(emphasis added). The statute is thus triggered only by the termination of the tenant's possessory interest.
The possessory interest may terminate in one of three ways. First, it may terminate upon the expiration of a "tenancy by the month or for any other term less than one year, where the tenant holds over without special agreement." § 35-9-5. Second, it may terminate upon expiration of the term of the leasehold as expressed in the lease. § 35-9-8. Finally, a tenant's possessory interest may terminate upon "default [of] any of the terms of a lease." § 35-9-6. This lease provided for a term of years and contained no provision granting Kennamer a right of re-entry or power of termination; therefore, if Kennamer was authorized to institute this suit, that authorization must be found in § 35-9-6.
However, § 35-9-6 does not, of itself, provide an independent right of re-entry or power of termination upon failure of terms of the leasehold agreement. No such right or power exists upon default in the absence of a provision therefor in the agreement itself. See D. Huskey S. Etheredge, Landlord and TenantBreach Remedies: The Law in Alabama § 3-4 (1981). More specifically, this Court has long held that the non-payment of rent does not constitute a statutory default giving rise to a right of re-entry or power of termination independent of covenants in the lease. Moriarty v. Dziak, 435 So.2d 35
(Ala. 1983); Ferguson v. Callahan, 262 Ala. 117, 76 So.2d 856
(1954); Myles v. Strange, 226 Ala. 49, 145 So. 313 (1932).
Kennamer contends, however, that a factual issue exists as to whether its president's oral statements to representatives of Bi-Low that Bi-Low would be expected to "abide exactly by all the terms of the lease" constitute a covenant sufficient to trigger § 35-9-6. We find no merit in that argument. Such statements obviously violate the Statute of Frauds.
"An oral modification of a valid lease is invalid if both the original and remaining periods exceed the period specified in the controlling Statute of Frauds." Restatement (Second) ofProperty § 2.4 (1977). In Alabama, every leasehold interest exceeding one year must be evidenced by a valid written agreement. § 8-9-2(5). In this case, the lease period began on June 1, 1985, three years before the dilatory payment, and was to end on June 1, 1995. Thus, the alleged oral statements of Kennamer *Page 301 
fall squarely within the Statute of Frauds.
In short, we find no evidence in the record to support Kennamer's argument that Bi-Low's possessory interest had terminated. Thus, the statutes authorizing an unlawful detainer action were never triggered. No factual issue arises, therefore, regarding Kennamer's compliance or noncompliance with the statutory procedure, and Bi-Low's motion for summary judgment was properly granted. The judgment of the trial court is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.