159 So.2d 857

Nancy D. Simonetti LOVOY et al.

v.

Worth RATLIFF.

6 Div. 789.

Supreme Court of Alabama.

Oct. 17, 1963.

Rehearing Denied Jan. 30, 1964.

Wm. S. Pritchard, Jr., Victor H. Smith, Pritchard, McCall & Jones, Birmingham, and Jas. F. Berry, Cullman, for appellants.

Thos. A. Smith, Jr., Cullman, for appellee.

**LIVINGSTON, Chief Justice.**

This appeal is from a decree of the Circuit Court of Cullman County, Alabama, in Equity, rendered on August 2, 1961, denying relief to appellants on an amended bill of complaint filed by them to enforce their alleged rights under a written lease. Appellants, complainants in the court below, are Nancy D. Simonetti Lovoy, Louis James Lovoy, and Concetta Anselmo Simonetti, doing business under the partnership name of "Simonetti Brothers Produce Company."

The appellee, Worth Ratliff, respondent in the Court below, is a purchaser of the leased premises in question, he having purchased the leased property from O. I. Walker after the lease here in question was executed.

For a better understanding of this opinion, we set out the following facts which we think are undisputed:

Domenico Simonetti owned and operated a wholesale produce business in the City of Cullman, Alabama, on the premises here involved for some years prior to the execution of the lease here in question, and O. I. Walker owned the building.

On December 1, 1956, O. I. Walker leased to Domenico Simonetti, an individual, doing business as "Simonetti Brothers Produce Company," that certain business building located on First Avenue East, in the City of Cullman, Alabama, formerly occupied by Walker Wholesale Company, floor space being 75′ x 100′, for a term of five years, subject to a renewal for an additional five years.

On July 1, 1957, Domenico Simonetti conveyed to his daughter, Nancy D. Simonetti Lovoy, a one-fourth undivided interest in said produce business, and to his daughter, Maria A. Simonetti Roller, an undivided one-sixth interest in said prod uce business, the remaining seven-twelfths interest being retained by Domenico Simonetti.

On the same day, July 1, 1957, Domenico Simonetti, Nancy Lovoy and Maria Roller, by written instrument, formed a partnership, which provided, in part: "The name of the partnership shall be Simonetti Brothers Produce Company * * *. The partnership shall take over the currently going business now being conducted by Domenico Simonetti, d/b/a Simonetti Brothers Produce Company, and shall continue to operate the said business without interruption, save and except for change of ownership, from said individual to this partnership." The partnership agreement also conveyed and delivered to the new partnership the respective interest of each individual in the going business.

Domenico Simonetti died on August 18, 1958. Under the terms of his will, he devised to his wife, Concetta Anselmo Simonetti, his interest in the business being operated in Cullman under the partnership name of "Simonetti Brothers Produce Company."

On August 19, 1958, by written instrument, Concetta Anselmo Simonetti, Nancy D. Simonetti Lovoy and Maria A. Simonetti Roller formed a partnership for the purpose of continuing the business in Cullman under the partnership name of "Simonetti Brothers Produce Company."

On November 1, 1960, Maria Simonetti Roller conveyed her interest in the partnership business to Lewis James Lovoy, the husband of Nancy D. Simonetti Lovoy. On that same date, Concetta Simonetti, Nancy D. Simonetti Lovoy and Lewis James Lovoy formed a partnership for the purpose of continuing the operation of the produce business under the partnership name of "Simonetti Brothers Produce Company."

On December 2, 1960, O. I. Walker sold the leased premises to Worth Ratliff, respondent in the court below and appellee here.

On December 3, 1960, Worth Ratliff, through his agent and attorney, wrote a letter to Simonetti Brothers Produce Company requesting that the December 1960 rent be paid to Mr. Ratliff. The letter also contained the following:

"Second, this letter is to give you and Simonetti Brothers Produce Company legal notice that your right to possession of the building located on Lots 8, 9 and 10 of Block No. 2 of Orsborn's Addition to the City of Cullman is terminated immediately and it is expected that you will be able to vacate these premises on or before the 31st day of December of 1960."

By check, dated December 1, 1960, Simonetti Brothers Produce Company remitted to Worth Ratliff $75 for the rent for the premises for the month of December, 1960. However, it is not clear when this check was received by Ratliff or his attorney. There is evidence to the effect that it was tendered December 12, 1960. The check was returned by Ratliff's attorney.

On the 30th day of May, 1961, the complainants notified, by registered mail, Mr. Ratliff that it was their intention to exercise the option contained in the original lease. Mr. Ratliff admitted receipt of the letter.

The original bill of complaint in this cause was filed on December 20, 1960, and all subsequent payments of rent have been deposited with the register of the court.

The original bill was amended several times. Respondent filed an answer which he made a cross bill. Answer to the cross bill was also interposed. The pleadings in the case are rather voluminous, and in our opinion it would serve no useful purpose to attempt to delineate them here.

■ The primary purpose of the suit below was to have the lease declared bind-

ing on the parties to this suit, and to exercise the five-year option given in the lease.

The trial judge heard the evidence ore tenus and on the 2nd day of August, 1961, rendered a decree holding the contract void and giving the appellee the right to immediate possession of the property.

Appellants filed an application for rehearing, which was denied. This appeal is from the decree rendered on August 2, 1961.

The trial court held, in effect, that as to Worth Ratliff the lease is void, and

"that the complainants and cross-respondents are not entitled to the relief prayed for, and in the opinion of this Court this contract is void under the Statute of fraud, not having been assigned in writing and accepted by the respondent and cross-complainant, Worth Ratliff, nor his predecessor in title, O. I. Walker. Clearly, from all the testimony, this business has changed hands three times as a partnership, the last being on November 1, 1960. Whereas, thereafter, on December 1, 1960, Worth Ratliff bought this property from O. I. Walker and demanded the immediate possession of the premises from the complainants and refused payment of any rent.

"Equity will not be called upon to enforce a contract against another party where there is no mutuality of rights and obligations, and in the opinion of the Court, if, under all the facts in this case, Worth Ratliff and O. I. Walker had undertaken to ask for specific performance under this lease contract, after the change of parties in the partnership or after the death and expiration of the time for filing claims against the estate of Mr. Dominic [sic] Simonetti had expired, that the complainants hereto would have had a good defense to an action of this nature because there has not been shown any privity of contract between the complainants and O. I. Walker or the respondent, Worth Ratliff, and no assignment in writing by the first party to the contract, Dominic [sic] Simonetti, deceased, to the complainants hereunder, giving them a privity of contract.

"Therefore, it follows that the Court will not enforce the rights that the complainants herein ask for."

It is obvious that the learned trial judge was of the opinion that the lease, not having been assigned in writing, was violative of the statute of frauds. We cannot agree. Title 20, Sec. 3, Code of Alabama 1940, reads as follows:

"§ 3. Certain contracts to be in writing, else void.—In the following cases, every agreement is void, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing:
* * *

"(5) Every contract for the sale of lands, tenements, or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof be paid, and the purchaser be put in possession of the land by the seller."

It is not denied that appellants were in possession of the premises and operating a business thereon, and paying rent, and had been paying rent, for many months prior to the institution of this suit.

In Shakespeare v. Alba, 76 Ala. 351, it was said:

"The facts show that the lessee was placed in possession of the premises under the lease, and paid many of the monthly installments of rent, which was nothing more nor less than the purchase money for his five-year leasehold estate, which had been agreed to

be granted him. The case is one which is obviously rescued from the influence of the Statute of Frauds by these attendant facts."

In Vinyard v. Republic Iron & Steel Co., 205 Ala. 269, 273, 87 So. 552, 556, this Court said:

"The written lease was duly executed by the defendant, who is 'the party to be charged,' and it was binding upon him, though not executed for the lessor by any person 'thereunto lawfully authorized in writing.' Code, § 4289; Heflin v. Milton, 69 Ala. 354; Oliver v. Ala. Gold Life Ins. Co., 82 Ala. 417, 2 South. 445; Davis v. Robert, 89 Ala. 402, 405, 8 South. 114, 18 Am.St.Rep. 126; Lagerfelt v. Mckie, 100 Ala. 430, 14 South. 281. Such contracts are not lacking in mutuality and validity, though they be unilateral as to their enforceability.

"Moreover, if it be conceded that this lease was by its terms for more than a year, so as to bring it within the fifth subdivision of the statute of frauds, yet the delivery of possession by the lessor or his agent, and the payment of rent by the lessee, removed the contract from the influence of the statute. Shakespeare v. Alba, 76 Ala. 351; Jones v. Gainer, 157 Ala. 218, 47 South. 142, 131 Am.St.Rep. 52; Elliott v. Bankston, 159 Ala. 462, 49 South. 76."

Certainly, Ratliff, the respondent, stood in no better shoes as to the lease than did O. I. Walker, the lessor who executed the lease.

Testimony concerning whether or not appellee, Ratliff, had notice of the lease when he purchased the property from Mr. Walker is in conflict. Walker stated that he told Ratliff of the lease, but told him that it would soon expire. This, Ratliff denied. But the evidence conclusively shows that the Simonetti Brothers Produce Company was operating a wholesale grocery business in the building which it had done for a number of years, and Ratliff's own grocery store was located right next door to it. Certainly, this was sufficient to put Ratliff on notice that some sort of lease existed.

In the case of Holgerson v. Gard, 257 Ala. 579, 584, 60 So.2d 427, 33 A.L.R.2d 1315, this Court said:

" * * * Of course, it must be conceded that if there is possession by another than the grantor, then the purchaser would be put on his guard and be required to make inquiry as to the rights of such other person in possession. Alexander v. Fountain, 195 Ala. 3, 70 So. 669; Evans v. Bryan, 202 Ala. 484, 80 So. 868."

It cannot be doubted that appellee had knowledge of the visible, open and exclusive possession of the property by appellants.

It would seem to us that any businessman who agreed to pay $20,000 to $50,000 for the property, which Ratliff testified he agreed to pay, would first make some inquiry as to its occupancy.

Appellee contends that the third partnership never paid rent under the lease and was not bound by it. It is clear, however, that the reason that appellants never paid rent was because appellee refused to accept the rent checks.

■ Where a party to a contract is the cause of the failure of the performance of the obligation due him, he cannot take advantage of that failure. Worlds Exposition Shoes v. B. P. O. Elks, No. 148, 237 Ala. 329, 186 So. 721; Selman v. Bryant, 261 Ala. 53, 72 So.2d 704.

■ Appellee insists also that there was a forfeiture because the rent was usually paid at the end of the month rather than at the first of the month, as provided by the lease, and at times even later. We cannot agree.

There was no provision in the lease concerning forfeiture for the nonpayment of rent. In the absence of such provision, nonpayment generally will not work a for-

feiture. Hyde v. Bains, 247 Ala. 8, 22 So.2d 324; De Soto Falls Development Co. v. Libby, 231 Ala. 507, 165 So. 763; Myles et al. v. Strange, 226 Ala. 49, 145 So. 313.

 Moreover, Ratliff cannot take advantage of the failure to pay rent on time to Walker, and it conclusively appears from the record that any late payments of rent to Walker were acquiesced in by Walker, as indeed he testified that there was never any question about that, "they never did get behind with me * * * not to amount to nothing * * *. We never did fuss about the rent."

Although the evidence was heard ore tenus by the trial judge, we are of the opinion that the learned judge misapplied the applicable law to the facts in this case.

Reversed and remanded.

LAWSON, MERRILL and COLEMAN, JJ., concur.