BRADLEY, Judge.
Arlen Realty, Inc. appeals from a judgment declaring that certain ground leases on the Troy Plaza Shopping Center, Troy, Alabama are terminated.
On November 24, 1970 L. L. Dozier and his wife, Mary Nell Dozier, entered into three separate ground leases with Independent’s Troy, Inc., an Alabama corporation. The leases concerned certain undeveloped land in Troy, Alabama and were identical except for the designation of a specific tract of land and the amount of rent due. The leases were for a term of twenty-five years with options to renew. The land was to be developed into a shopping center and rented out to tenants.
The monthly rent owed to the Doziers is $1,000. The land is subject to a mortgage held by Interstate Life and Accident Insurance Company of Chattanooga, Tennessee for $1,200,000.00.
Mr. L. L. Dozier died, leaving his wife and three children, Cary Dozier, Cecil Dozier and Gail D. Dickens, as heirs who are now parties-defendant in this case.
Independent’s Troy, Inc. dissolved and the leases are presently held by Arlen Realty, Inc.
Arlen Realty became delinquent in its rent for October, November and December 1978. On December 14, 1978 Mr. Cary Dozier sent a delinquent notice to Arlen who then paid the back rent. All rent was paid through February 1979. It was at this time the mortgagee, Interstate, activated its right to receive all rent payments from the tenants in the shopping center.
No rent has been paid since March. On March 14, 1979 Mr. Jay Schapiro of Arlen sent a letter to the Doziers notifying them to send all future correspondence to the Arlen mortgage department in New York.
On May 25, 1979 the Doziers sent a letter to Independent’s Troy, Inc. terminating the lease within ten days. This letter was sent to Independent’s Troy, Inc. at its previous address in Chattanooga, Tennessee with copies mailed to Arlen Realty, Inc. in Atlanta, Georgia; Pitts Associates; Robert Collins of Interstate; and Neil Bramwell, attorney for Arlen in New York.
On August 29, 1979 the Doziers filed an eviction proceeding in the Pike County District Court against Independent’s Troy, Inc. In September 1979 the back-rent due was offered to and rejected by the Doziers.
The correct amount of money was paid into court by Arlen upon the filing of a petition seeking a declaration of its rights under the leases.
The trial court’s order reads in pertinent part:
1. That a justiciable controversy exists between Arlen Realty, Inc., Mrs. L. L. Dozier, Cary L. Dozier, Cecil Dozier and Gail D. Dickens with respect to the existence of certain ‘Ground Leases’ and they *491 are entitled to a declaration of rights thereunder.

3. That Mrs. L. L. Dozier, Cary L. Dozier, Cecil Dozier and Gail D. Dickens are entitled to repossess and enjoy the premises described in the ‘Ground Leases’ for the ‘Ground Leases’ were terminated after notice to Arlen Realty, Inc. after default by Arlen Realty, Inc. without any good faith effort to rectify the default until after the unlawful detainer action was commenced on August 29, 1979, and the filing of this action September 24, 1979.
The dispositive issue on appeal is whether the trial court erred in holding that the Doziers were not required to comply with the specific provisions of the lease relating to its termination.
The lease provides in pertinent part:
If the Lessee shall default in the payment of rent on the date of payment as hereinabove provided, and if such default shall continue for a period of twenty (20) days, after receipt of written notice thereof, ... in the event that Lessee shall default or fail in the performance of a covenant or agreement to be performed by it under this lease, and such default shall not have been cured for a period of thirty (30) days after receipt of written notice, or if such default cannot with due diligence be cured within thirty (30) days after receipt of written notice, ... then after service of written notice informing Lessee of termination of lease in ten (10) days, at the end of the 10th day, it shall be lawful for the Lessor, at its option, by summary proceedings or by any other appropriate legal action or proceedings, to terminate this lease and to enter into said Demised Premises or any part thereof and expel the said Lessee or any person or persons occupying said premises, and so to repossess and enjoy the said premises ....
The only notice given by the Doziers to Arlen was a letter sent on May 25, 1979 informing Arlen that the lease was terminated. Arlen argues that the lease requires twenty days’ written notice of default in rent payments and thirty days’ written notice for default in performance of other covenants and agreements before a notice of termination can be tendered, and that the Doziers’ failure to comply with the terms of the lease rendered the termination of the lease ineffective.
Notice provisions in a lease requiring a landlord to give written notice and provide an opportunity for a tenant to cure any default are conditions precedent which must be averred and proved prior to re-entry of the premises and forfeiture of the lease. Nelson v. Darling Shop of Birmingham, 275 Ala. 598, 157 So.2d 23 (1963); Noel Smith Development Co. v. National Filtronics, Inc., Ala., 360 So.2d 338 (1978). Moreover, forfeitures are not favored in the law or equity. City Garage & Sales Co. v. Ballenger, 214 Ala. 516, 108 So. 257 (1926).
The Doziers have not complied with the notice provisions found in the lease. Indeed, they admit that the only written notice given Arlen was the notice of termination. The lease by its specific terms requires written notice of default and twenty or thirty days to cure such default depending on the nature of the default before notice of termination can be given. When a forfeiture depends on giving a written notice of default, it must appear that the notice was given in strict compliance with the lease both as to time and contents. See Woodall v. Pharr, 119 Ga.App. 692, 168 S.E.2d 645 (1969).
In order to terminate the lease, the Doziers were required to comply with the notice provisions of the lease. This they did not do. Having failed to give proper notice of default, the Doziers cannot terminate the lease. Therefore the decision of the trial court is reversed.
REVERSED AND REMANDED.
WRIGHT, P. J., and HOLMES, J., concur.