EDWARD N. SCRUGGS, Retired Circuit Judge.
This civil action concerns a contract to repair a fire damaged residence.
Mr. Campbell, the plaintiff contractor, sued both Mr. and Mrs. Arnold; however, only Mrs. Arnold executed the written construction contract, and a cause of action was proven solely against her. Mr. Arnold died before the trial and his death was properly suggested on the record, but the case against him was never revived. After a nonjury trial, judgment was rendered against both defendants.
Only Mrs. Arnold has appealed. She argues that where parties to an allegedly joint contract are sued jointly thereon, and the proof fails to support the joint contract, a variance has occurred which is fatal to recovery against any of the defendants. As authority for such proposition, reliance is placed upon Redmond & Co. v. Louisville & Nashville R.R., 154 Ala. 311, 45 So. 649 (1908); Courtesy Ford Sales, Inc. v. Farrior, 53 Ala.App. 94, 298 So.2d 26 (1974); Jim Walter Corp. v. Gilbert, 47 Ala.App. 376, 255 So.2d 46 (1971) and many other cases with similar holdings. Like contentions were recently raised in B & M Homes, Inc. v. Hogan, Ala., 376 So.2d 667, 674 (1979), and that argument was therein expressly repudiated by the following language:
We reject the appellants’ contention that the trial judge committed reversible error. The cases relied on in the Jim Walter Corporation case are all based on the harsh and strict rules of common law pleading. When this court adopted the Alabama Rules of Civil Procedure, it abolished the harsh technicalities of the old forms of pleading. The new rules are to be construed liberally to effect the purpose of the rules.
In the Courtesy Ford Sales case, supra, this court applied the rule here sought by Mrs. Arnold, but it was therein pointed out that “the new Rules of Civil Procedure, i. e., Rule 20, will in all probability eliminate future problems of this nature.” The committee comments to ARCP rule 20 indicate that rule 20 is contra to the holding in the Redmond case, supra. We, therefore, hold that rule 20 supplants and replaces the harsh and inequitable results reached by such eases cited by the appellant, and that, at the present time, a judgment may be rendered against one or more defendants according to their respective liabilities regardless of the fact that they have been jointly sued upon an allegedly joint contract.
The contract provided that it was the entire agreement between the parties, and Mrs. Arnold insists that such provision prevents further compensation to the contractor for additional work. A written contract may be orally modified if additional work is mutually agreed upon by the parties or done under circumstances implying mutual assent. C. F. Halstead Contractor, Inc. v. Dirt, Inc., 294 Ala. 644, 320 So.2d 657 (1975); 5 Ala. Digest, Contracts, Key Nos. 236, 237, 238.
As to other matters argued, the evidence in many aspects was in conflict. We assure counsel for the appellant that we have thoroughly read and studied the evidence,, and we find that the holding against Mrs. Arnold was supported by credible evidence. 2A Ala. Digest, Appeal & Error, Key Nos. 931(1), 1009(1), 1009(2).
The judgment against Mrs. Arnold is affirmed, but, since there was no appeal from the judgment against Mr. Arnold, we express no opinion as to its validity.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provi *303 sions of § 12-18-10(e) of the Code of Alabama 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.