BEATTY, Justice.
On May 8, 1985, Timothy Barton and Jimmy Williamson, former employees of Alabama Electric Cooperative, Inc. (AEC), filed a pro se complaint against AEC and B.R. Clausen. Although the complaint was inartfully drafted, Barton and Williamson were apparently attempting to raise four theories: (1) wrongful termination, (2) unfair labor practice (due to the claim that plaintiffs’ right of free speech and right to join a labor union were obstructed by the defendants as a result of their replacement or firing of plaintiffs), (3) civil rights violations supporting actions under 42 U.S.C. § 1983, and (4) mismanagement and misuse of corporate property supporting a derivative action. The trial court granted defendants’ motion to dismiss. Plaintiffs appealed, alleging that the trial court erred in dismissing their complaint. We affirm.
It is axiomatic that a complaint should not be dismissed unless it appears that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief under some cognizable theory of law. Alabama Rules of Civil Procedure, Rule 12(b)(6); Rice v. United Ins. Co. of America, 465 So.2d 1100 (Ala.1984).
The essence of the appellants’ one-page argument on appeal is that “this complaint was not drafted by an attorney, and all technicalities may not have been observed, yet many scenarios would exist which would entitle the Plaintiffs to relief.” No attempt, however, was made by plaintiffs to cite any of the possible scenarios which would entitle Barton and Williamson to relief.
We have closely examined plaintiffs’ complaint, and we will address briefly each theory allegedly advanced therein.
First, in the absence of a contract calling for employment for a particular length of time, any wrongful termination claim is barred by Alabama’s employment-at-will doctrine. Meeks v. Opp Cotton Mills, Inc., 459 So.2d 814 (Ala.1984). No such contract is alleged.
Second, as pointed out in defendants’ memorandum accompanying their motion to dismiss, this Court's exercise of jurisdiction over unfair labor practice claims is preempted by the National Labor Relations Act, 29 U.S.C. § 151, et seq.; *886 San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).
Third, the § 1983 civil rights claim must fail because there is no allegation of action done under color of state law. McClellan v. Mississippi Power and Light Co., 526 F.2d 870 (5th Cir.1976), vacated on § 1985 grounds, 545 F.2d 919 (5th Cir.1977). Furthermore, plaintiffs specifically-alleged that “neither Defendant [AEC] nor Covington Electric Cooperative is regulated by the Alabama Public Service Commission,” conceding, in effect, that there was no state action involved.
Fourth, Barton and Williamson lack standing to assert the derivative action claim, because they were not members or shareholders of AEC. Green v. Bradley Construction, Inc., 431 So.2d 1226 (Ala.1983).
Since all of plaintiffs’ claims are clearly barred as a matter of law, we must affirm the trial court’s granting of the motion to dismiss.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and HOUSTON, JJ., concur.