Jerome Brown appeals from the dismissal of his suit against Claudia and Henry Williams, Jr., alleging breach of a lease agreement and from a default judgment in favor of the Williamses in the amount of $16,624.48 plus costs on their counterclaim.
On March 1, 1987, Brown leased from the Williamses a building on East Burdeshaw Street in Dothan for a term of six months, renewable for additional six-month periods, with rent payable in equal monthly installments of $100. The lease required that the property be used exclusively as a retail business and stated, "Damages resulting from the tenant's use or negligence will be the responsibility of the tenant." The lease also provided, "If said premises are destroyed by fire, or rendered unfit for occupancy by fire, then said rent shall abate during the time it shall remain unfit or unsuitable for occupancy by reason of fire." The lease was silent as to the lessor's right of termination.
Brown operated a sandwich shop on the premises called VIP 2002 Restaurant. On March 28, 1988, the building was partially damaged by a fire that originated in the kitchen. The incident report classified the origin of the fire as "suspicious" due to the fact that "[a] hot plate with book matches on it, and a lamp lying in a pan with matches in it were both connected to an electrical timer that was on circuit # 13, the only breaker except the main that was not switched to the off position."
According to Brown, the Williamses orally terminated the lease on May 4, 1988, when Brown attempted to pay rent for the months of October, November, and December 1988. On October 12, 1988, Brown sued the Williamses for breach of the lease, and on November 9, 1988, the Williamses counterclaimed, alleging that the fire was the result of Brown's negligence and seeking $10,000 in damages plus interest, costs, and attorney fees. By letter dated December 5, 1988, the Williamses again notified Brown that his tenancy had been terminated and then demanded possession within 10 days.
Brown submitted a letter to the trial court from Dr. Mark F. Dean with Family Practice Clinic of Dothan, dated December 5, 1989; that letter reads, in part, as follows:
 "Mr. Jerome Brown is under my medical care. His medical problems at this point appear to be mostly related to stress. I feel it would be to his benefit right now if he could have postponement for approximately 90 days of court proceedings and legalities in which he is involved currently. I feel that by March 1, 1990, Mr. Brown will be more capable both mentally and physically of dealing with his current legal responsibilities."
On February 28, 1990, the date set for trial, the trial court entered the following order:
 "Defendant failed to appear after notice of today's trial. Default entered. Complaint dismissed with prejudice. Judgment entered on counterclaim against plaintiff for the defendants for $16,624.48 and costs."
In reviewing a dismissal, this Court must determine, based on the record, whether the plaintiff can prove any set of facts in support of his claims that would entitle him to relief under some cognizable theory of law. Rule 12(b)(6), Ala.R.Civ.P.;Barton v. Alabama Elec. Co-op., Inc., 487 So.2d 884 (Ala. 1986). A Rule 12(b)(6) motion should be granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Hancock-Hazlett General Constr. Co. v.Trane Co., 499 So.2d 1385 (Ala. 1986). *Page 197 
With respect to fire clauses in leases such as the lease in the present case, this Court has interpreted "destroyed by fire" to mean total destruction of the property covered by the lease, Tyson v. Weil, 169 Ala. 558, 53 So. 912 (1910); Penny v.Quinn, 16 Ala. App. 251, 251, 77 So. 240, 240 (1917) ("[a] partial destruction of a building does not terminate a lease, which provides for its termination if the premises are destroyed by fire"). See, also, Waters v. Merritt, 277 Ala. 346, 170 So.2d 492 (1964), and Cambron v. Carlisle,406 So.2d 865 (Ala. 1981). Thus, in order for a tenant to be relieved of his liability for rent under a "destroyed by fire" clause, the destruction of the premises by fire must be entire.
In order for a lessee to be absolved from liability for rent in the event of total destruction of the leased premises, however, the fire must have occurred through no fault of the lessee:
 "The settled rule is that a lessee of premises destroyed during the term by unavoidable accident
is not relieved from an express promise or covenant to pay rent, unless he protects himself by a stipulation that the rent shall cease in such event, or unless the lessor covenants to rebuild or repair, or unless the destruction is of the entire subject-matter of the lease, so that nothing remains capable of being held or enjoyed, which operates a dissolution of the tenancy."
Cook v. Anderson, 85 Ala. 99, 103, 4 So. 713, 714 (1887) (citations omitted) (emphasis added). See, also, Joiner v.Brightwell, 252 Ala. 112, 39 So.2d 414 (1949).
The affidavits of both Shelby Womack, Dothan's fire marshal, and Miles Lieberman, an investigator hired by Fenmar International Insurance Services to determine the cause and origin of the fire at Brown's restaurant, stated that the fire was incendiary in origin. Brown provided no evidence, expert or otherwise, to contradict those affidavits and he offered nothing other than a general denial in his answer to the Williamses' counterclaim. Thus, we are compelled to conclude, as did the trial court, that there are no facts that would support an action against the Williamses for breach of their lease agreement with Brown. Brown himself concedes that the Williamses gave him oral notice of termination on May 4, 1988, more than three months prior to the end of the leasehold period.
The lease here provided that its duration was for a period of six months, renewable at six-month intervals. As such, this lease was a combination of a tenancy for years and a periodic tenancy. Restatement (Second) of Property, Landlord and Tenant § 1.5(i).
Although the lease here is silent with regard to the lessors' right of termination, the general rule is that, in the absence of an agreement between the parties, a month's notice prior to the end of the leasehold period, when that period is a month or more, is adequate. Id. at § 1.5(f). Furthermore, oral notice of termination is sufficient. Id. We hold that the Williamses' oral notice in May 1988 effectively terminated Brown's lease and that they were entitled to possession at the end of that leasehold period, i.e., on September 1, 1988. Thus, the dismissal of Brown's suit was proper.
In reviewing the propriety of the default judgment entered in favor of the Williamses on their counterclaim, we must utilize the three-factor analysis set out in Kirtland v. Fort MorganAuthority Sewer Service, Inc., 524 So.2d 600 (Ala. 1988), and applied recently in Fries Correctional Equipment, Inc. v.Con-Tech, Inc., 559 So.2d 557 (Ala. 1990). We note, initially, that Brown moved to set aside the default judgment of February 28, 1990, and that his motion was denied on March 17, 1990.
The three factors to consider in deciding whether to set aside a default judgment are: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct. Fries Correctional Equipment, Inc. v.Con-Tech, Inc., supra. *Page 198 
We find from the record that Brown does not have a meritorious defense, because the evidence in this case would support the default judgment. A trier of fact could certainly have found that the loss to the premises occurred through the negligence of the lessee, Brown. Although Brown asked the court to set aside its default judgment, he offered no evidence or explanation that would serve as a defense to the negligence claim if it should go to trial. Therefore, we conclude that Brown has not presented a "meritorious defense" to the negligence claim. Because Brown offered no meritorious defense, we need not analyze his motion to set aside the default judgment in regard to whether the Williamses would be prejudiced by granting his motion or whether the default resulted from his own culpable conduct. Kirtland v. Fort MorganAuthority Sewer Service, Inc., supra. We do note, however, that the scheduled trial date was a date after which Brown's physician had said he should be able to attend to his legal matters.
The dismissal of Brown's suit and the default judgment in favor of the Williamses are affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
ALMON, J., concurs in the result.