I respectfully dissent. The majority relies on the ore tenus rule in its review of the trial court's judgment. However, because the facts before the trial court were undisputed, the ore tenus rule is inapplicable in this case. Instead, "the appellate court shall sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court's application of the law to the facts." Justice v. Arab Lumber Supply, Inc., 533 So.2d 538, 542 (Ala. 1988) (citations omitted).
The record reveals that the contract provided a one-year warranty to cover materials and workmanship shown to be defective. The undisputed evidence was that the Schwartzes ordered McDonald not to return to the construction site after December 4, 1994, and that the Schwartzes refused to allow McDonald onto their property even after McDonald informed them that he was willing and able to cure the defective work.
"A party to a contract who has caused a failure of performance by the other party cannot take advantage of that failure." Big Thicket Broadcasting Co. of Alabama v. Santos,594 So.2d 1241, 1244 (Ala.Civ.App. 1991) (citing Dixson v. C. G. Excavating, Inc., 364 So.2d 1160 (Ala. 1978)). See alsoLovoy v. Ratliff, 276 Ala. 156, 159 So.2d 857 (1963); Selman v.Bryant, 261 Ala. 53, 72 So.2d 704 (1954). One of the elements that the Schwartzes must prove to recover for an alleged breach of contract is their own performance under the contract, i.e., allowing McDonald to return to the construction site to cure the defective work. See Mann v. Bank of Tallassee,694 So.2d 1375 (Ala.Civ.App. 1996). Here, the Schwartzes prohibited McDonald from curing defects in his work, and in effect, caused the breach due to their own failure to perform under the contract.
I conclude that the trial court misapplied the law to the undisputed facts in this case. Accordingly, I respectfully dissent. *Page 1234