MOORE, Judge.
Dagmar Tiller appeals from a summary judgment entered by the Jefferson Circuit *625 Court in favor of YW Housing Partners, Ltd. (“YW Housing”).
On April 5, 2007, YW Housing filed a complaint against Tiller in the Jefferson District Court alleging a claim of unlawful detainer. Tiller answered the complaint, asserting, among other things, the affirmative defense of retaliatory eviction; Tiller also filed a counterclaim asserting retaliatory eviction. On April 30, 2007, YW Housing filed an answer to the counterclaim. On June 25, 2007, the district court entered a judgment in favor of YW Housing on the complaint and the counterclaim. On June 21, 2007, Tiller filed a motion to alter, amend, or vacate the judgment or, in the alternative, for a new trial.[1] On June 28, 2007, the district court noted that the parties had consented to extend the time for ruling on Tiller’s postjudgment motion, pursuant to Rule 59.1, Ala. R. Civ. P. On July 10, 2007, the district court denied Tiller’s postjudgment motion. On July 17, 2007, Tiller filed her notice of appeal to the Jefferson Circuit Court.
On August 16, 2007, YW Housing filed a motion for a summary judgment. That same day, YW Housing filed a motion to issue a writ of possession, alleging that Tiller had failed to pay money into the court pending the appeal of this case, as required by Ala.Code 1975, § 6-6-351. Tiller filed a response to the summary-judgment motion on August 28, 2007. On August 29, 2007, Tiller filed a motion for a reduction of bond, a motion for a stay, and a response to YW Housing’s motion for a writ of possession.
On September 7, 2007, the circuit court entered a judgment stating, in pertinent part:
“1. This is an appeal by ... Tiller, to the Circuit Court from a judgment in favor of [YW Housing] for unlawful de-tainer.
“2. [Tiller], during the pendency of this appeal, has not paid any monies to the Clerk of the Circuit Court, as ascertained by the District Court judgment of June [25], 2007, to prevent the issuance of a writ of possession as set out in § 35-9A-461(d) Code of Alabama, 1975.
“3. [Tiller’s] Motion for Reduction of Bond or Motion for Stay, in response to [YW Housing’s] Motion for Writ of Possession, is without merit.
“4. That although [Tiller] has filed a counter-affidavit to [YW Housing’s] Motion for Summary Judgment, the real issue in this case is a question of law and therefore proper under a Motion for Summary Judgment. The question of law is whether [Tiller] was occupying the premises under a written lease or under a tenancy at will.
“5. The initial lease between the parties, dated February 4, 2005, was a six (6) month lease ending by its terms on July 31, 2005. After the initial term, the lease attempts to create a month to month lease with no termination date. Pursuant to Womack v. Hyche, 503 So.2d 832 (Ala.1987), because the lease has no certain ending after the initial term, the lease became void and a tenancy at will was created. Therefore, the provisions of the lease, as argued by [Tiller] were no longer applicable at the time of the default of [Tiller] in failing to pay rent.
“6. On January 1, 2007, the Alabama Uniform Residential Landlord Tenant Act became effective and by its terms, Code of Alabama 1975, Title 35-9A- *626 421(b), only a seven (7) day right to cure and termination notice is required.
“7. [YW Housing] complied with this provision, and [Tiller] failed to cure the default within the cure period.
“8. [YW Housing], having the right to terminate [Tiller’s] tenancy at will, [YW Housing’s] unlawful detainer was lawful and could not be in retaliation, as alleged by [Tiller] in her counterclaim.
“9. [Tiller] having failed to pay rent in the amount of $275.00 per month beginning March 2007 through August 2007, owes a total of $1,650.00.
“It is therefore ORDERED, ADJUDGED, AND DECREED by the Court as follows:
“1. [YW Housing’s] Motion to Issue Writ of Possession is hereby GRANTED pursuant to § 35-9A-461(d)(l), Code of Alabama 1975.
“2. The Clerk of the Court is hereby Ordered to issue an immediate Writ of Possession, and any lawful Sheriff of the County of Jefferson is hereby ordered to restore to [YW Housing] possession of the real property situated in Jefferson County, Alabama, to wit:
“[Address of the property]
“3. [Tiller’s] Motion for Reduction of Bond and Motion for Stay is hereby DENIED.
“4. [YW Housing’s] Motion for Summary Judgment is hereby GRANTED, and judgment is entered in favor of [YW Housing] and against [Tiller] on the unlawful detainer.
“5. Judgment is hereby entered in favor of [YW Housing] and against [Tiller] on the money count and a money judgment is hereby entered in favor of ... YW Housing ... and against ... Tiller, in the amount of One Thousand Six Hundred Fifty and 00/100 ($1,650.00).
“6. [Tiller’s] counterclaim is hereby DENIED.”
On September 25, 2007, YW Housing moved the court to amend the judgment to waive the automatic stay provided under Rule 62(a), Ala. R. Civ. P. The circuit court granted that motion on September 25, 2007. On September 26, 2007, the circuit court issued a writ of execution.
On October 4, 2007, Tiller filed a motion to alter, amend, or vacate the circuit court’s judgment or, in the alternative, for a new trial. YW Housing filed a response in opposition to that motion on October 23, 2007. The trial court denied Tiller’s post-judgment motion on December 3, 2007.
On January 7, 2008, Tiller filed her notice of appeal with the Alabama Supreme Court; that court transferred the appeal to this court because it is within the original appellate jurisdiction of this court.

Facts

YW Housing submitted an affidavit of Bernetta Cox, the director of housing of YW Housing. She attested that Tiller and YW Housing had entered into a lease agreement (“the lease”) for certain premises (“the premises”). The lease was executed on February 4, 2005, and provided, in pertinent part:
“This lease will be for an initial term of six months and will begin on February 4, 2005 and will end on July 31, 2005 or until terminated by either you [i.e., Tiller] or us [i.e., YW Housing] as provided in this lease. After the initial six-month term, the term of this lease shall be month to month.
[[Image here]]
“A. After the first six months of the lease, you may terminate tenancy in the premises by giving 30 days written notice to us. If you do not give the full 30 days notice, you shall be liable for rent *627 up to the end of the 30 days for which notice was required or to the date the unit is re-rented, whichever comes first.
“B. We may terminate this lease and if necessary evict you if:
“(1) You fail to move out of the premises on or before the effective date of termination given in the notice required above.
“(2) You materially breach the terms of this lease. A material breach means:
“a. nonpayment of rent or any other financial obligation under the lease after expiration of a 3-day pay or quit notice, or
“b. four or more late rent payments within any 12-month period received after the fifth day of the month, or
“c. failure to reimburse us within 30 days or other reasonable time agreed upon by you and us for repairs required to maintain the premises (Section 8 of this lease), or
“d. a breach resulting in damages to the premises or any other portion of the project or
“e. a breach which adversely affects the health, safety, or quiet enjoyment of any resident or visitor to the premises, or
“f. a breach which interferes with our responsibilities.
“(3) You fail to provide true, correct and complete information about household income and or assets as provided for in Section 4 of this lease.
“(4) You fail to fulfill the obligations of this lease.
“C. Any notice of termination or eviction shall contain a statement of the facts constituting the cause for the termination or eviction and statement of your rights.”
An addendum to the lease, which was also executed on February 4, 2005, provided, in pertinent part:
“The premises are to be operated in accordance with the federal requirements of the low-income housing credit program. Tenant’s rights hereunder will be subject to the requirements that must be met under the program in order for Landlord to qualify to take the cost of the premises into basis for calculation of Landlord’s tax credit. Tenant will cooperate with all Landlord requirements related to such compliance and the Program.”
Cox attested that Tiller had failed to pay rent and other charges beginning in March 2007. Therefore, YW Housing served Tiller with a seven-day notice dated March 16, 2007, that stated, in pertinent part:
“YOU ARE HEREBY NOTIFIED that in consequence of your default in nonpayment of rent for the premises ... I have elected to terminate your lease, and you are hereby notified to quit and deliver up possession of the same to me within 7 days of the date of this notice.
“YOU ARE FURTHER NOTIFIED that unless you pay the rent $290.00 in full or vacate the premises within SEVEN DAYS, [we] will institute legal proceedings to evict you from the premises. If payment has been made to your account, please forward me copies of your rental receipts.”
(Emphasis omitted.) Cox further attested that Tiller had failed to vacate the premises and that she owed YW Housing $1,650 in unpaid rent and other charges.
Tiller attested in her affidavit that she had been current on her rent through the end of February 2007. Tiller attested that, at that time, she had “mentioned to the management of the premises that [she] might be moving, at which time the man *628 agement deleted [her] from the computer system in which the rent is logged.” She attested that when she attempted to pay her March rent on March 1, 2007, it was refused by “the management.” According to Tiller, she attempted to pay rent again on or about March 5, 2007, and “they refused it again, stating that since [she] had advised them that [she] was vacating the premises, they were not going to accept the rent even though [she] told them [she] had changed [her] mind about moving.” Tiller attested that she had received the notice of termination on March 16, 2007, and that she again attempted to pay the March rent on or about March 19, 2007, but that it was again refused. According to Tiller, she did not breach the lease in any way.
Tiller also attested to her belief that “management” was retaliating against her for having filed a fair-housing complaint with the Department of Housing and Urban Development (“HUD”). She attested that, “[s]hortly before this eviction proceeding began, [she] filed a complaint with HUD alleging discrimination by management and alleging that management was in violation of the federal Fair Housing Act.” She further attested:
“Management has retaliated against me for filing a complaint with HUD against them and has threatened me on several occasions. I have had several problems with the management, and they have told other tenants that ‘they are trying to get rid of me because I have caused them problems with HUD.’ ”

Standard of Review

“The standard of review applicable to a summary judgment is the same as the standard for granting the motion.” McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala.1992).
“A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present ‘substantial evidence’ creating a genuine issue of material fact — ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ Ala.Code 1975, § 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).”
Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994). ' Questions of law are reviewed de novo. Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala.2004).

Discussion

I. YW Housing’s Unlawful-Detainer Claim
Tiller’s first argument on appeal is that the circuit court erred in entering the summary judgment in favor of YW Housing on its unlawful-detainer claim because, she says, (1) the lease was not void, (2) YW Housing failed to follow the notice requirements set forth in the lease, (3) and there was a genuine issue of material fact regarding whether Tiller attempted to pay the March 2007 rent.
*629 Initially, we must determine whether the lease was void, as held by the circuit court. In its judgment, the circuit court concluded: “Pursuant to Womack v. Hyche, 503 So.2d 832 (Ala.1987), because the lease has no certain ending after the initial term, the lease became void and a tenancy at will was created.” In Womack v. Hyche, the lease at issue provided for a one-year lease “ ‘with the option to renew the lease as long as the camp is run as a business for a profit.’ ” 503 So.2d 832, 834 (Ala.1987). Our supreme court in Womack quoted Industrial Machinery, Inc. v. Creative Displays, Inc., 344 So.2d 743, 745 (Ala.1977), which stated: “ ‘A lease for a term of years must have a term certain. There must be a certain beginning and a certain ending.’ ” 503 So.2d at 834. Based on that principle, the supreme court held that because the “lease had no certain ending, thus rendering the lease void as a tenancy for years, a tenancy at will was created.” 503 So.2d at 836. Accordingly, in Womack, the tenancy at will was created “by implication.” 503 So.2d at 836-37.
The lease in the present case is distinguishable from the lease in Womack, supra. The lease in this case provided for an initial term of six months and, thereafter, a month-to-month tenancy. Accordingly, the lease is “a combination of a tenancy for years and a periodic tenancy.” Brown v. Williams, 576 So.2d 195, 197 (AIa.1991) (citing Restatement (Second) of Property, Landlord and Tenant § 1.5(i)). Periodic tenancies are clearly recognized and accepted by Alabama law, and there is no authority that supports the circuit court’s conclusion that a periodic tenancy is void. See, e.g., Brown, 576 So.2d at 197.
Because we conclude that the lease in the present case is not void, we must next determine whether YW Housing complied with the notice requirements set forth in the lease. “When a forfeiture depends on giving a written notice of default, it must appear that the notice was given in strict compliance with the lease both as to time and contents.” Arlen Realty, Inc. v. Dozier, 393 So.2d 489, 491 (Ala.Civ.App.1980). Tiller argues that YW Housing failed to give the required three-day notice to quit and failed to include a “statement of the facts constituting the cause for the termination or eviction and statement of [her] rights.” With regard to the notice to quit, the evidence is undisputed that YW Housing provided notice to Tiller that she had defaulted and that she was required to cure the default within seven days or the lease would be terminated. Accordingly, we hold that the three-day notice requirement was met. As to the statement of facts and rights, we conclude that the notice contained a sufficient statement of facts constituting the cause for termination — Tiller’s default on her monthly rent. With regard to the “statement of rights,” there is nothing in the notice of termination that could possibly be construed as such. Accordingly, we find YW Housing’s notice deficient on this' point.
We next consider whether there was a genuine issue of material fact with regard to whether Tiller defaulted on her monthly rent obligation. YW Housing based its termination of the lease solely on the alleged nonpayment of the March 2007 rent. Cox attested that Tiller had failed to pay rent in March 2007. Tiller, however, attested that she had attempted to pay rent but that YW Housing had refused to accept her rent payment. “Where a party to a contract is the cause of the failure of the performance of the obligation due him, he cannot take advantage of that failure.” Lovoy v. Ratliff, 276 Ala. 156, 160, 159 So.2d 857, 861 (1964). We conclude that there is a genuine issue of material fact as to whether YW Housing was the fault of *630 Tiller’s failure to pay the March 2007 rent; thus, summary judgment was improper regarding whether YW Housing could properly terminate Tiller’s lease on that ground.
II. Tiller’s Defense and Counterclaim Regarding Retaliatory Eviction
Tiller’s second argument on appeal is that the circuit court erred in entering a summary judgment in favor of YW Housing on YW Housing’s unlawful-detainer claim and on Tiller’s counterclaim because, she says, YW Housing failed to make a prima facie showing that there were no genuine issues of material fact regarding whether the eviction was retaliatory. Tiller asserted retaliatory eviction as a defense to YW Housing’s claim, and, in Tiller’s counterclaim, she asserted that she had been retaliated against in violation of Ala.Code 1975, § 35-9A-501; the Fair Housing Act, 42 U.S.C. § 8617; HUD regulations, 24 C.F.R. § 100.400(c)(4) and (5); and federal civil rights laws.
In YW Housing’s summary-judgment motion, it did not make any argument or present any evidence regarding the issue of retaliatory eviction. “A summary-judgment movant does not discharge his initial burden to challenge the sufficiency of the evidence of a nonmovant’s claim by simply ignoring the claim.” White Sands Group, LLC v. PRS II, LLC, 998 So.2d 1042, 1055 (AIa.2008). Because YW Housing failed to discharge its initial burden, we conclude that the circuit court erred in entering the summary judgment as to Tiller’s claim of retaliatory eviction.[2]
III. Writ of Restitution
Finally, Tiller argues that the circuit court erred by “ending” her appeal because of her failure to pay rent to the clerk of the court during the pendency of her appeal. We note, however, that the court did not enter judgment in favor of YW Housing on that basis. Instead, the circuit court granted YW Housing’s motion for writ of possession pursuant to Ala.Code 1975, § 35-9A-461. Accordingly, we do not hold the circuit court in error on this point.

Conclusion

Based on the foregoing, we reverse the summary judgment entered by the circuit court in favor of YW Housing and remand the cause for further proceedings.
REVERSED AND REMANDED.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
PITTMAN, J., concurs in the result, without writing.

. The postjudgment motion was filed after the judgment had been rendered but before the judgment was entered.

. Because YW Housing failed to meet its initial burden on the issue of Tiller’s defense of retaliatory eviction and Tiller’s counterclaim alleging retaliatory eviction, we express no opinion as to the merits regarding those issues.